# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VOXER, INC. AND VOXER IP LLC, | |
| Plaintiffs, | Case No. 25-cv-00872-GBW |
| v. | **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC., AMAZON WEB SERVICES, INC., AND TWITCH INTERACTIVE, INC., | |
| Defendants. | |

### STIPULATED [PROPOSED] PROTECTIVE ORDER

1.    PURPOSES AND LIMITATIONS

Plaintiffs Voxer, Inc. and Voxer IP LLC (collectively, "Plaintiffs" or "Voxer") and Defendants Amazon.com, Inc., Amazon Web Services, Inc., and Twitch Interactive, Inc. (collectively, "Twitch Defendants") (with Plaintiffs, "Parties") believe disclosures and discovery activity in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order in accordance with Federal Rule of Civil Procedure 26(c).

2.    DEFINITIONS

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information, material, or items under this Stipulated Protective Order.

2.2    "CONFIDENTIAL" Information or Items: information or material (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including, for example, non-public technical, financial, competitive, or other business information.

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information, material, or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5    Disclosure or Discovery Material: all information, material, or items, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the Litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee, director, or officer of a Party, a Party's affiliate, or a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee, director, or officer of a Party, a Party's affiliate, or a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2

2.8     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "CONFIDENTIAL Information or Items" constituting or reflecting computer code or otherwise representing computer code (including, without limitation, software code, microcode, object code, register transfer language ("RTL"), firmware, hardware description language ("HDL"), or similarly sensitive code and the comments within) that defines or otherwise describes in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. For the avoidance of doubt, mere references to or reflecting the existence of computer code is not source code.

2.9     House Counsel: attorneys who are members in good standing of at least one state bar, who are employees of a Party or a Party's affiliate, and who have responsibility for managing this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Litigation or Action: *Voxer, Inc. and Voxer IP LLC v. Amazon.com, Inc., Amazon Web Services, Inc., and Twitch Interactive, Inc.*, No. 25-cv-00872-GBW (D. Del).

2.11     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.12     Outside Counsel of Record: attorneys who are not employees of a Party or a Party's affiliate to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.13     Party: any party to this Action.

3

2.14    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, transporting, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees, who (1) have been retained by a Party or its counsel to provide litigation support services with respect to this Action, (2) are not a past or current employee, director, or officer of a Party, a Party's affiliate, or a Party's competitor, and (3) at the time of retention, are not anticipated to become an employee, director, or officer of a Party, a Party's affiliate, or a Party's competitor.

2.16    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material.

2.18    <u>Asserted Patents</u>: "Asserted Patents" shall mean the patents asserted in this Litigation or Action, including United States Patent Nos. 10,142,270; 10,511,557; 11,146,516; 11,777,883; and 11,658,929.

3.    SCOPE

3.1    The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that include Protected Material.

4

3.2    The protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Nothing in this Stipulated Protective Order shall be deemed to prevent the Parties from introducing any Protected Material into evidence at the trial of these Actions, or from using any information contained in Protected Material at the trial of these Actions. Any limitations on the use of Protected Material at trial shall be governed by a separate agreement or order.

3.3    All documents, testimony, information, or other material marked or otherwise identified in this Action as Protected Material shall be used by the Parties only for this Action and shall not be used for any other purpose. Any person or entity who obtains access to Protected Material or the contents thereof pursuant to this Stipulated Protective Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Protected Material or any portion thereof except as may be reasonably necessary for the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified Protected Material and subject to all of the terms and conditions of this Stipulated Protective Order. Notwithstanding the foregoing or other limitations in this Stipulated Protective Order, nothing in this Stipulated Protective Order will prevent a Party from using its own "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" materials in any manner it sees fit.

5

4.    DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. This Court shall retain jurisdiction over the Parties and any other person who has had access to Protected Material pursuant to this Stipulated Protective Order, to enforce the provisions of this Stipulated Protective Order. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information, material, or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information, material, or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order (see, *e.g.*, second paragraph of section 5.2(a) and section 5.3 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

6

under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a)      for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material. Electronic files and documents that are produced in native format shall be marked with the appropriate designation, such as by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material; *provided, however*, that any electronic reproductions created by the Receiving Party must be similarly marked, and any hard copy reproductions created by the Receiving Party shall include on the printed document the appropriate designation, as well as the production numbers associated with the electronic files or documents (*e.g.*, through the use of a cover page or header).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents or materials it wants copied and produced, the Producing Party must determine which documents or materials qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.

(b)     <u>for testimony given in deposition</u>, to help the Parties avoid over-designating deposition transcripts, unless otherwise indicated by the Designating Party at the deposition, deposition transcripts shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or, if any "HIGHLY CONFIDENTIAL – SOURCE CODE" is marked or discussed, "HIGHLY CONFIDENTIAL – SOURCE CODE") for a period of five (5) calendar days after completion of the deposition.  If a Designating Party specifies at the deposition or before expiration of this five (5)  days period  all or part of the transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," then the transcript shall be so treated and the Designating Party shall have up to 21 days after the Designating Party receives the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.

Parties shall give the other Parties reasonable notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only individuals entitled to access Protected Material are present at those proceedings. Furthermore, Parties are deemed to have been given notice when the role of the deponent, the subject matter of the deposition, the subject matter of the hearing, or the subject matter of the hearing suggests Protected Material is likely to be used. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

8

Deposition transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

5.3    Inadvertent Failures to Designate. A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as Protected Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as Protected Material may request destruction of that Protected Material by notifying the Receiving Party(ies) as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure and providing replacement Protected Material that is properly designated. The Receiving Party(ies) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and treat the properly designated material (and any

documents, information or material derived from or based on the inadvertently or unintentionally produced Protected Material) in accordance with its new designation as if it had been initially so designated. If, prior to receiving the properly designated material, the Receiving Party(ies) disseminated the Protected Material to individual(s) no longer authorized to receive it hereunder as a result of its new designation, the Receiving Party(ies) shall make a reasonable effort to retrieve the Protected Material or to otherwise assure that the individual(s) properly mark the Protected Material and maintain the confidentiality of the Protected Material. To the extent that such individual(s) refuse to return the Protected Material, the Receiving Party(ies) shall notify the Producing Party but shall have no other responsibility or obligation with respect to the information disseminated.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed, however, the Designating Party may defeat such a challenge by showing that the challenge was not prompt and the lack of promptness caused foreseeable and significant unfairness, economic burdens, or disruption or delay of the Litigation.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of

10

communication are not sufficient) within ten (10) calendar days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Parties may proceed to the next stage of the challenge process only if they have engaged in this meet and confer process first or if it is established that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall comply with the procedures for Discovery Matters and Disputes Relating to Protective Orders as set forth in the Scheduling Order within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Litigation only for prosecuting, defending, or attempting to settle this Action, and such Protected Material shall not be used for any other purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.[1] Protected Material

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used

11

must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order. Protected Material shall not be copied or otherwise reproduced by a Receiving Party, except for transmission to qualified recipients or other use in connection with the prosecution or defense of this Litigation, without the written permission of the Producing Party or by further order of the Court. When the Litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or items designated "CONFIDENTIAL" only to:

      (a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record including but not limited to attorneys, paralegals, technology specialists, photocopy vendors for court copies, and clerical employees;

      (b)    up to two House Counsel [<u>Plaintiffs' Proposal</u>: (one of which, for Voxer, may be its CEO Irv Remedios, who is responsible for managing this Action)] [<u>Defendants' Proposal</u>: N/A] of each Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A) before being granted access to any Protected Material;

---

during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to use of the Protected Material an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgement and Agreement to Be Bound", the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed. The parties agree to file any such motion promptly.

(c)     Experts (as defined in this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) before being granted access to any Protected Material; and (3) as to whom the procedures set forth in paragraph 7.5, below, have been followed;

(d)     the Court, its technical advisor (if one is appointed), and its personnel;

(e)     stenographic reporters, videographers and/or their staff, and Professional Vendors, to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgement and Agreement to be Bound (Exhibit A);

(f)     during their depositions, witnesses from the Producing Party whom (1) the Producing Party has designated under Federal Rule Civil Procedure 30(b)(6) to testify concerning the general subject matter of the Protected Material, (2) who were an author, addressee, or intended recipient of the Protected Material, (3) otherwise possessed or have knowledge about the information in the Protected Material; or during their depositions, non-Producing Party witnesses who were authors, drafters, or intended recipients on the face of the Protected Material, or who otherwise possess or have knowledge about the information in the Protected Material and to whom disclosure is reasonably necessary, provided that such witnesses shall be precluded from retaining copies of any Protected Material (except by Party agreement or Court order);

(g)     the identified author or recipient of the Protected Material, provided that, other than at deposition, if the person is a former employee of the Producing Party then the disclosure shall be made only after the Producing Party has received notice and has approved the disclosure or a Court has ordered that the disclosure may be made;

(h)     mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), which does not need to be disclosed to the Designating Party unless the Court for good cause orders otherwise;

(i)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Stipulated Protective Order and who has signed the "Acknowledgement and Agreement to be Bound" (Exhibit A).

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to individuals listed in paragraphs 7.2 (a), (c), (d), (e), (f), (g), (h), and (i),

7.4     Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to individuals listed in paragraphs 7.2 (a) and (d) as well as:

(a)     up to four (4) Experts[2] of the Receiving Party (1) to whom disclosure is reasonably necessary for this Litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5, below and specifically identified as eligible to access "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, have been followed;

---

[2] An Expert is defined to include the Expert's direct reports and other support personnel, such that the disclosure to an Expert and their direct reports and other support personnel shall count as a disclosure to a single Expert.

(b)      while testifying at deposition or trial in this Action: (1) any person who authored, previously received (other than in connection with this Litigation), was the intended recipient, or was directly involved in creating, modifying, or editing the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, as evident from its face or reasonably certain in view of other testimony or evidence; (2) any current officer, director, or employee of the Designating Party or original source of the information; (3) any former officer, director, or employee of the Designating Party or original source of the information with personal knowledge of the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items; and/or (4) any person designated by the Designating Party to provide testimony on the topic(s) related to the information pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Persons authorized to view "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items pursuant to this sub-paragraph shall not retain or be given copies of the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items except while so testifying. At the election of the Receiving Party, and subject to the provisions of Sections 9(j) and 9(l), either printed copies of the source code or a stand-alone computer will be provided to testifying witnesses during their testimony.

7.5      <u>Procedures for Approving or Objecting to Disclosure of Protected Materials to Experts.</u>

(a)      Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Stipulated Protective Order) any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs 7.3(b) or 7.4(b) first must provide a written notice to the

15

Designating Party[3] that (1) includes a signed "Acknowledgement and Agreement to Be Bound" (Exhibit A) and sets forth the full name of the Expert and the city and state of their primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity with whom the Expert has consulted, has been employed, or has received compensation or funding for work in their areas of expertise, including in connection with a litigation, at any time during the preceding five years,[4] and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.[5]

(b)    A Party that provides a notice and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within ten (10) calendar days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail all grounds on which it is based.

---

[3] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto. For clarity, each such Non-Party is entitled to the identity of Experts but is not entitled to object to disclosure to Experts under this paragraph of this Stipulated Protective Order.

[4] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

[5] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to the termination of a disclosed litigation that could foreseeably result in an improper use of the Designating Party's "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information.

(c)      A Party that receives a timely written objection must promptly meet and confer with the Designating Party (through direct voice to voice dialogue) in good faith to try to resolve such objection. If no agreement is reached, the Party opposing disclosure will have seven (7) days from the date of the meet and confer to raise this matter with the Court pursuant to the procedures for Discovery Matters and Disputes Relating to Protective Orders as set forth in the Scheduling Order.  If relief is not sought from the Court within that time, absent an agreement of the Parties to the contrary or for an extension of such seven (7) day period, the objection shall be deemed withdrawn.  If relief is sought, Protected Materials shall not be disclosed to the Expert in question until the Court resolves the objection, or upon written consent of the Designating Party. A failure to seek relief within seven (7) calendar days shall operate as an approval of the disclosure of Protected Material to the identified Expert.

(d)      In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) clearly outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(e)      A party who has not previously objected to disclosure of Protected Material to an Expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an Expert at a later time with respect to Protected Material that is produced after the time for objecting to such Expert has expired or if new information about that Expert is disclosed or discovered; so long as the objection is not based on materials produced or provided by the objecting party which the objecting party could have reasonably produced or disclosed earlier. Any such objection shall be handled in accordance with the provisions set forth above. If such an objection is raised after an Expert has already received

Protected Material, the Expert shall be allowed to keep such Protected Material pending resolution of the objection, but shall not be entitled to receive additional Protected Material.

8.      PROSECUTION BAR

Absent written consent from the Designating Party, any individual who receives or accesses "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information produced by the opposing Party shall not be involved, directly or indirectly, in prosecuting, supervising, or assisting in the preparation or prosecution of any patent applications or claims (i) relating to the field of invention of the Asserted Patents, (ii) claiming priority to any patent applications to or through which any of the Asserted Patents claims priority or (iii) relating to recording, storing, transcoding, or transmitting of audio, video, or any media content. For purposes of this paragraph, "prosecuting" includes any activity related to (i) the preparation or prosecution (for any person or entity) of patent applications, or (ii) participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. For the sake of clarity, this provision does not preclude any person from participating in *inter partes* review, post grant review, reexamination, or interference proceedings provided that they (1) do not participate or advise on drafting or amending any claims and (2) do not rely upon or use, directly or indirectly, Protected Material in those proceedings.

This Prosecution Bar shall not bar entire firms, rather only individuals who actually receive or access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," and shall begin when "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received or accessed by the affected individual and shall end one (1) year after final disposition of this Action.

9.    SOURCE CODE

(a)    To the extent production of source code becomes necessary in this Litigation, a Producing Party may designate material as "HIGHLY CONFIDENTIAL - SOURCE CODE" as permitted in Paragraph 2.8.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including those set forth in Paragraph 8, and may be disclosed only to those persons set forth in Paragraph 7.4.

(c)    Any source code produced in discovery shall only be made available for inspection, except as set forth below, in a format allowing it to be reasonably reviewed and searched, during normal business hours (*i.e.*, between 8:00 a.m. and 6:00 p.m. on weekdays that are not Federal holidays) or at other mutually agreeable times, at (1) an office of the Producing Party's primary Outside Counsel of Record or (2) another mutually agreed upon location. Any location under (1) or (2) shall be within the United States. The source code shall be made available for inspection on at least one stand-alone secured computer (the "Source Code Computer")—equipped with a keyboard, mouse, and two external monitors (of size no less than 19 inches)—in a secured, locked room without Internet access or network access to other computers, and, except as otherwise contemplated by this Stipulated Protective Order, the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Receiving Party may request that up to two (2) stand-alone computers be made available for simultaneous inspection of Source Code, and any such request shall not be unreasonably denied. The Parties agree to cooperate in good faith such that maintaining the Producing Party's stand-alone computer(s) at the offices of its Outside Counsel of Record shall not unreasonably hinder

19

the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(d)    All stand-alone computer(s) on which source code is made available shall be subject to the restrictions described in this Section. The stand-alone computer(s) must conform to reasonable, modern specifications. The stand-alone computer(s) shall have disk encryption and be password protected. Except for the note taking contemplated by this Stipulated Protective Order, use or possession of any input/output device (*e.g.*, USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the stand-alone computer(s) containing the source code. All persons entering the locked room containing the source code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room. The stand-alone computer(s) containing source code will be made available for inspection during the hours outlined above, upon reasonable notice to the Producing Party, which shall not be less than seven (7) days prior to the initial inspection and three (3) business days in advance of any subsequent inspection. The Producing Party shall be reasonable in accommodating requests for inspection on shorter notice. The Producing Party may visually monitor from a distance the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code and in no event be close enough to hear or see work product or communications of the reviewer(s). The Producing Party shall not electronically monitor, record, or track the source code review.

(e)    Proper identification of all authorized persons shall be provided prior to any access to the room containing a stand-alone computer(s). Proper identification requires showing, at a

minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the room where stand-alone computer(s) are located may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

(f)       Source code shall be made available for inspection in a format allowing it to be reasonably reviewed and searched, and the stand-alone computer(s) shall include software utilities which will allow the Receiving Party's representatives to view, search, and analyze the source code, including any software utilities used by the Producing Party in the ordinary course of its business to review and/or analyze the code. At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file.  The Producing Party shall provide a reasonable set of software tools on each stand-alone computer that can be used on the stand-alone computer(s) to view and search human-readable source code. The Producing Party shall provide a list of such available tools seven (7) business days prior to the initial date that the Producing Party makes Source Code available on stand-alone computer(s). The Receiving Party's Outside Counsel of Record may request that additional commercially available software tools for viewing and searching source code be installed on the stand-alone computer(s), provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools, such approval not to be unreasonably withheld; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the source code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD, USB memory stick, or link, containing such licensed software tool(s) at least three (3)

business days in advance of the date upon which the Receiving Party wishes to have the additional

software tools available for use on the stand-alone computer(s).

(g)      The Producing Party shall provide the Receiving Party with information explaining

how to start, log on to, and operate the stand-alone computer(s) in order to access the produced

source code on the stand-alone computer(s).

(h)      The Producing Party shall produce source code in native (computer searchable)

format on the stand-alone computer(s) as described above.

(i)      [INTENTIONALLY OMITTED]

(j)      Except as provided herein, no person shall copy, e-mail, transmit, upload,

download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY

CONFIDENTIAL - SOURCE CODE" material, except that the Receiving Party may request up

to five (5) paper copies of limited portions of source code, but only if and to the extent reasonably

necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for

deposition or trial. A request for printed copies shall either (a) contain sufficient specificity so that

the Producing Party can easily locate the requested excerpt (for example, by identifying the

program, file name, and line numbers), or (b) comprise folder(s) of PDF excerpts saved on the

stand-alone computer(s) using software to be provided on the stand-alone computer(s). Any

printed portion that consists of more than thirty-five (35) pages of a continuous block of source

code or that leads to an aggregate printing of more than 600 pages of each Producing Party's source

code shall be presumed to be excessive, *provided, however*, that the parties will meet and confer

should the Receiving Party believe additional pages are reasonably necessary and if they cannot

resolve the dispute then the burden shall be on the Receiving Party to demonstrate good cause for

any such additional pages.. Within three (3) business days of each request for printing, the

Producing Party will provide the requested material on watermarked or colored 8.5" x 11" paper with a font no smaller than Courier 12 point and including Bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE," unless the request exceeds the above page limits. The Producing Party shall provide the Receiving Party all printed source code, including that printed by the Producing Party or its Expert(s), within three (3) business days of the printing request. The source code may only be transported by the Receiving Party via hand carry [Plaintiffs' proposal: , via overnight courier such as Federal Express, or by any other such method that the Producing Party and Receiving Party may agree upon] [Defendants' proposal: or by any other such method that the Producing Party and Receiving Party may agree upon]. Even if within the limits described, the Producing Party may challenge the amount of source code requested in hard copy form or whether the source code requested in hard copy form is reasonably necessary to any case preparation activity pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. Contested printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.

(k)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all printed portions of the source code in one or more secured, locked areas under the direct control of counsel and/or individuals qualified under Section 7.4 responsible for maintaining the security and confidentiality of the source code. Any paper copies designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be stored only at (i) the offices of Outside Counsel of Record for the Receiving Party, (ii) the offices of outside Experts or consultants who are permitted to access source code; (iii) the site where any deposition is taken, (iv) the Court; or (v) any intermediate

23

location necessary to transport the information to a hearing, trial or deposition.[6] Except as provided in this Stipulated Protective Order, the Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. Any printed pages of source code or other materials that have been designated by a Producing Party as "HIGHLY CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged, or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, demonstratives for the court, or court filings as discussed below. Any paper copies used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(l)      The Receiving Party's Outside Counsel of Record and/or Expert(s) shall be entitled to take notes during source code review. The Receiving Party's representatives are permitted to bring paper materials into the review room to assist in their inspection. The Receiving Party's representatives also may take hand-written notes to assist in their inspection. Such notes will be given equivalent protection and treatment as original printouts under this Protective Order. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of

---

[6] For depositions at which the Receiving Party elects to use printed source code, the Receiving Party shall not bring copies of any printed Source Code. Rather, when provided at least five (5) calendar days' notice, the Producing Party shall make an electronic copy of the source code available at the deposition. Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. Unless reasonably requested by Receiving Party, all paper copies of source code brought to the deposition shall remain with the Producing Party's Outside Counsel of Record for secure destruction in a timely manner following the deposition.

the source code is permitted except as otherwise provided herein. In addition, to enable electronic note taking during source code reviews, the following procedures are to be followed:

(1) The Producing Party of source code shall also provide an additional "notetaking" computer loaded with at least Microsoft One Note, Notepad++, and Microsoft Word software, unless otherwise agreed by the Producing Party and the Receiving Party. The note-taking computer shall either be a portable laptop or be located in close proximity to the stand-alone computer(s) to facilitate electronic notetaking, and shall not be linked to any network, including a local area network, an intranet or the Internet.

(2) At the beginning of a source code review session, the Producing Party shall, when requested by the reviewer, upload to the note-taking computer one or more encrypted notes files (*e.g.*, uploading one or more encrypted notes files from a USB memory stick provided by the reviewer to the note-taking computer).

(3) The reviewer may then decrypt and open the notes file using the notetaking computer for the purpose of taking notes during the source code review session. During the source code review session, the Producing Party may disable any input and/or output devices on the notetaking computer (*e.g.*, disable any USB ports, Wi-Fi or Ethernet connectivity, and/or optical disc drives) except as necessary to enable the reviewer to take notes (*e.g.*, enable mouse and keyboard). Use or possession of any other input/output device (*e.g.*, USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop/computer, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the note-taking computer or the source code stand-alone computer.

(4) At the end of a source code review session, the reviewer may save any notes in the same encrypted notes file. The Producing Party shall, when requested by the reviewer, download from the note-taking computer the encrypted notes file and provide an electronic copy to the reviewer (*e.g.*, downloading the encrypted notes file from the note-taking computer to a USB memory stick provided by the reviewer).

(5) Notwithstanding this stipulation, no reviewer may at any time copy or include in electronic notes any portions or sections of the source code. Reviewers using electronic note-taking will be directed by undersigned counsel not to copy or include in electronic notes any portions or sections of the source code.[7]

(6) If requested by the Producing Party, a copy of the encrypted notes file shall remain on the note-taking computer, so long as it remains encrypted.

(7) The reviewer shall not take notes electronically on the stand-alone computer containing source code or any other computer or electronic device (besides the note-taking computer) while conducting a review.

(m)    A list of names of persons who will review the source code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Parties shall maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart. The Producing Party shall be entitled to a copy of the log.

(n)    The Receiving Party's Outside Counsel of Record shall maintain a log of all copies of the source code (received from a Producing Party) that are delivered by the Receiving Party to

---

[7] Including a Source Code file name or identifier (function, variable, macro name, etc.) in electronic notes shall not constitute prohibited copying of a portion or section of the Source Code.

any person. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or person that receives a copy of any portion of the source code.

(o)    Except as provided in this Section, the Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (*e.g.*, may not scan the source code to a PDF, or photograph the code). The Receiving Party may create an electronic copy or image of limited excerpts of source code only to the extent necessary in a filing, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents[8] ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Stipulated Protective Order, restricted to those who are entitled to have access to them as specified herein, include the minimal amount of such source code information that is reasonably necessary, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders. Wherever possible, the Receiving Party will make a reasonable and good-faith effort to limit this information to references to production numbers, file names, and line numbers. The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used. Images or copies of source code shall not be included in correspondence between the parties (references to production numbers, file names, and or identifiers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The communication and/or disclosure of electronic files containing any portion of source code shall at

---

[8] Drafts shall only include those excerpts the Receiving Party believes will be included in the final version.

all times be limited to individuals who are authorized to see source code under the provisions of this Stipulated Protective Order and encrypted using commercially reasonable encryption software including password protection where feasible. The Receiving Party shall maintain a record of the locations where electronic Source Code Documents are stored and a record of all persons with access to each location. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE" where excerpts of source code are present.

(p)    To the extent portions of source code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as "HIGHLY CONFIDENTIAL - SOURCE CODE" or (2) those pages containing quoted source code will be separately bound, and stamped and treated as "HIGHLY CONFIDENTIAL - SOURCE CODE."

(q)    The Receiving Party shall maintain a log of all paper copies of Source Code Material in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any paper copies and the locations where the copies are stored.

10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

(a)    If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of another Party's documents, information, and/or material designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(1) promptly notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order;

(2) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(3) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Protected Material may be affected.

(b)    If the Producing Party timely[9] seeks a protective order, the Party served with the subpoena or  court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11.    A NON-PARTY'S PROTECTED MATERIAL

(a)    The terms of this Stipulated Protective Order are applicable to documents, information, or other material produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this Litigation is protected by the remedies and relief provided by this Stipulated

---

[9] The Designating Party shall have at least 14 days from the service of the notification pursuant to Section 10(a) to seek a protective order.

Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required to produce to another Party in this Litigation a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

(a)    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party shall (1) immediately provide written notice to the affected

Party(ies); (2) cooperate in good faith with the affected Party(ies) concerning the unauthorized access; and (3) use its best efforts to retrieve all unauthorized copies of the Protected Material.

(b)    If a Receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any potential, actual, apparent or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly provide written notice to Producing Party of such breach, including information regarding the size, scope, and impact of the breach; (3) investigate and make reasonable efforts to remediate the effects of the breach; and (4) reasonably cooperate with the Designating Party in investigating and responding to any such security incident. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

13.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

(a)    Nothing in this Stipulated Protective Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. The Producing Party making the claim

shall provide a privilege log for the allegedly privileged or protected document(s), information, or other material. After being notified, the Receiving Party must promptly return or destroy the specified information and any copies it has and may not sequester, use, or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the Court for a determination of the claim.

(b)     Information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced.

(c)     Any disclosure of communications, documents, information, or material covered by the privileges or other protection shall in no way prejudice or otherwise constitute a waiver of the privileges or other protection from discovery in this Action or in any other federal or state proceeding.

(d)     This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work product protection over disclosed communications, information, and documents.

(e)     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14.     MISCELLANEOUS

14.1     Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by agreement with other Parties or by applying to the Court if such agreement cannot be reached.

14.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. For example, the failure to designate documents, information or material in accordance with this Stipulated Protective Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

14.3    <u>No Agreement Concerning Discoverability</u>. The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this Action. The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

14.4    <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Protected Material shall comply with all applicable export control statutes and regulations. *See, e.g.,* 15 CFR 734. No Protected Material, whether physical or electronic, may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)); provided that, to the extent consistent with applicable laws and regulations including 15 CFR 734, [Note: the dispute in this Section need only be resolved if the

Court adopts Plaintiffs' proposal in Section 7.2(b)] [Plaintiffs' Proposal: (a)] [Defendants' Proposal: (a)] nothing in this Section shall limit the ability of Outside Counsel of Record who are Canadian citizens and lawfully working in the United States to access Protected Material to the same extent as other Outside Counsel of Record [Plaintiffs' Proposal: and (b) nothing in this Section shall limit the ability of Voxer's CEO Irv Remedios, who is a Canadian citizen living in Canada, from accessing Protected Material he is otherwise entitled to access under this Stipulated Protected Order from his place of residence and/or work in Canada] [Defendants' Proposal: and (b) nothing in this Section shall limit the ability of Voxer's CEO Irv Remedios, who is a Canadian citizen living in Canada, from accessing Protected Material he is otherwise entitled to access under this Stipulated Protected Order from the United States.]. Nothing in this Section is intended to interpret or analyze the meaning of U.S. law, including immigration statutes. Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed-to procedures conform with applicable export control laws and regulations.

14.5    Use of Protected Material at Hearing. Subject to any challenges under Section 6, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

34

14.6    <u>No Limitation on Legal Representation</u>. Nothing in this Stipulated Protective Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise their client in connection with this Action based on such Outside Counsel of Record's review and evaluation of Protected Material, provided however that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Stipulated Protective Order.

14.7    <u>Violations</u>. If any Party violates, or knows or believes that another Party is in violation of or intends to violate the limitations on the use of Protected Material as described above, the Party shall raise the violations or potential violations with the opposing Party. If the Parties are unable to resolve the matter by agreement, the Parties may move the Court for relief. Pending disposition by the Court, the Party alleged to be in violation of or intending to violate this Stipulated Protective Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Stipulated Protective Order.

14.8    <u>Agreement Upon Execution</u>. Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date counsel for such party executes this Stipulated Protective Order, even if prior to entry of this Stipulated Protective Order by the Court.

14.9    <u>Data Security</u>. Any person in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material, including restrictions regarding the disclosure or use of Protected Material in any large language models or any artificial intelligence services.[10] The

---

[10] Such restrictions shall, at a minimum, prohibit the disclosure or use of Protected Material in any large language models or artificial intelligence services that are accessible to the public or will capture entered data in order to train what is accessible by the public.

Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Stipulated Protective Order. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material.

If Protected Material is to be used during a deposition conducted remotely (including in part), the Designating Party shall be permitted to specify the technology for the audio/video conference and exhibits if it does so at least five (5) business days in advance.

14.10   Abrogation or Waiver. Nothing in this Stipulated Protective Order shall be construed to affect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

14.11   Publication. Production of Protected Material by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

14.12   Filing Under Seal. Any Protected Material that is filed with the Court that requires sealing shall be filed under seal in accordance with the Court's procedures. Exhibits to a filing shall conform to the labeling requirements set forth in this Stipulated Protective Order.

15.    FINAL DISPOSITION

(a)     Within sixty (60) days after the final disposition of this Action, as defined in Section 4 (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material, at the election of the Receiving Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, indexes, descriptions, summaries,

excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), and any other format reproducing or capturing any of the Protected Material. If requested by the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

(b)     Within fourteen (14) days of final termination of this Action, as defined in Section 4 (DURATION), all Protected Material stored in electronic form in the possession of a Receiving Party, shall be taken "offline," meaning that any access to those materials available via login over the public Internet (for example, login to an e-discovery vendor hosting Protected Material) shall be removed.

(c)     Notwithstanding the foregoing, Outside Counsel of Record may retain an archival copy of all filings (including pleadings, motion and trial briefs, and exhibits), transcripts, written discovery, correspondence, expert reports, and work product related to any CONFIDENTIAL and -HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, all of which shall remain subject to this Stipulated Protective Order.  Outside Counsel of Record shall review archival copies for references to HIGHLY CONFIDENTIAL – SOURCE CODE information and confirm it has removed these references from its archival copies within sixty (60) days after the final disposition of this Action, as defined in Section 4 (DURATION).

16. INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION

The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Stipulated Protective Order. After final disposition of this Litigation, the provisions of this Stipulated Protective Order shall continue to be binding except with respect to that Disclosure or Discovery Material that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following final disposition of this Litigation. All disputes concerning Protected Material produced under the protection of this Stipulated Protective Order shall be resolved by the United States District Court for the District of Delaware.

17. OTHER PROCEEDINGS

By entering this Stipulated Protective Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____ _____

Attorneys for Plaintiff

DATED: _____ _____

Attorneys for Defendant

38

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____ _____

                                               [Name of Judge]

                                               United States District/Magistrate Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VOXER, INC. AND VOXER IP LLC, | |
| Plaintiffs, | Case No. 25-cv-00872-GBW |
| v. | **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC., AMAZON WEB SERVICES, INC., AND TWITCH INTERACTIVE, INC., | |
| Defendants. | |
| VOXER, INC. AND VOXER IP LLC, | |
| Plaintiffs, | Case No. 25-cv-00873-GBW |
| v. | **JURY TRIAL DEMANDED** |
| GOOGLE, LLC AND YOUTUBE, LLC, Defendants. | |

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], working for _____ [print name of employer], have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Delaware on _____ [date] in the case of *Voxer, Inc. v. Amazon.com, Inc.*, Case No. 25-872 (GBW). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any Protected Material that is disclosed to me in

40

one or more of this Action and is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

Promptly upon termination of this Action, I will return or destroy all Protected Materials under this Stipulated Protective Order that came into my possession as part of one or more of this Action, and all documents and things that I have prepared relating thereto, to the Outside Counsel of Record for the party by whom I am engaged.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I declare under penalty of perjury that the foregoing is true and correct.


Date: _____

City and State where sworn and signed: _____


Printed name: _____

        [printed name]


Signature: _____

        [signature]

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| VOXER, INC. AND VOXER IP LLC, | |
| Plaintiffs, | Case No. 25-cv-00872-GBW |
| v. | **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC., AMAZON WEB SERVICES, INC., AND TWITCH INTERACTIVE, INC., | |
| Defendants. | |

## VOXER, INC. AND VOXER IP LLC'S RULE 26(a)(1) INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and the parties' Proposed Scheduling Order (D.I. 22), Plaintiffs Voxer, Inc. and Voxer IP LLC (collectively, "Voxer" or "Plaintiff"), by and through their attorneys, hereby make their initial disclosures. Voxer alleges infringement by Defendants Amazon.com, Inc., Amazon Web Services, Inc., and Twitch Interactive, Inc. (collectively, "Amazon" or "Defendants"). At least Amazon's Accused Streaming Products[1] are related to Amazon's infringement of one or more claims of the Asserted Patents.[2]

These disclosures are made without waiver of, or prejudice to, any objections that Voxer may have regarding the subject matter of these disclosures, or any documents or individuals identified herein. The information contained herein is based on information reasonably available

---

[1] "Amazon's Accused Streaming Products" refers to Voxer's identification of accused products in Section I of Voxer's forthcoming Identification of Asserted Patents, Accused Products, and Damages Model, and any supplements thereto. Voxer makes the above identification based on information currently available to it and in a non-limiting manner.

[2] U.S. Patent Nos. 10,142,270 (the "'270 Patent"); 10,511,557 (the "'557 Patent"); 11,146,516 (the "'516 Patent"); 11,777,883 (the "'883 Patent"); and 11,658,929 (the "'929 Patent") (collectively "the Asserted Patents").

to Voxer as of the date of this disclosure. Because Voxer's investigation and discovery are ongoing, Voxer reserves the right to amend or supplement its disclosures at an appropriate time pursuant to Federal Rule of Civil Procedure 26(e).

These disclosures are made without any admission concerning the relevance, admissibility, or discoverability of documents or information for any specific purpose, and without waiver of any attorney-client privilege, common interest privilege, work product immunity, or any other privilege or immunity from discovery. Voxer therefore reserves the right to object to the use of these disclosures, in whole or in part, at any time (including at trial of this or any other action) and for any purpose on the grounds of relevancy, competency, materiality, admissibility, hearsay, privilege, work-product, immunity, or for any other reason.

By making these disclosures, Voxer does not represent that it is identifying every witness, document, data compilation, or thing that it may use to support its claims or defenses. Rather, these disclosures represent a good-faith effort to furnish information falling within the scope of Federal Rule of Civil Procedure 26(a)(1). Accordingly, these disclosures do not include, for example, information that may be used for impeachment.

## I.    List of Knowledgeable Individuals Under Rule 26(a)(1)(A)(i).

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), and based on its investigation to date, Voxer believes that one or more of the individuals identified below are likely to have discoverable information relevant to the following subjects that Voxer may use to support its claims or defenses, other than those solely for impeachment. The subject areas for which these individuals are identified are preliminary and subject to change as Voxer's investigation continues. The identification of a particular subject matter is not a representation that the individual has full knowledge of that subject matter area, or that his or her knowledge is limited to that subject matter area. In addition to other sources, Voxer may reference documents produced in this matter for

2

further information regarding the listed individuals. Voxer expressly reserves the right to identify and to call additional persons as witnesses if, during the course of discovery and investigation relating to this case, Voxer learns that such additional persons have relevant knowledge.

Voxer does not consent to Defendants' communications with, or authorize Defendants to communicate with, Voxer or its employees, former employees, or employees or former employees of its affiliates, or those individuals represented by attorneys, and does not consent to or authorize any communications between Defendants and any individuals listed below that are otherwise prohibited by the applicable rules of professional conduct. Any individuals designated in this disclosure as an employee or former employee of Voxer should first be contacted only through Voxer's undersigned attorneys.

Subject to the foregoing, Voxer identifies the following individuals who are likely to have discoverable information that Voxer may use to support its claims:

| Name | Contact Information | Subject Matter |
|---|---|---|
| Tom Katis | Counsel for Voxer | Named inventor of the Asserted Patents; co-founder of Voxer; current Chairman of Voxer's board; previously CEO.<br><br>Mr. Katis may have knowledge about: the history, business, and products of Voxer; the development and marketing of Voxer and its technology; the claimed inventions, including conception and reduction to practice, inventorship, and ownership; the state of the art at the time of the inventions; use of Voxer's technology and intellectual property by others, including Meta Platforms, Inc; communication with others, including Amazon, related to Voxer's technology and intellectual property; commercial success and other secondary indicia of nonobviousness of the Asserted Patents. |

| James Panttaja | Counsel for Voxer | Named inventor of the Asserted Patents; previously involved in Voxer product engineering and business development. |
| | | Mr. Panttaja may have knowledge about: the history, business, and products of Voxer; the development and marketing of Voxer and its technology; the claimed inventions, including conception and reduction to practice, inventorship, and ownership; the state of the art at the time of the inventions. |
| Mary Panttaja | Counsel for Voxer | Named inventor of the Asserted Patents; previously involved in Voxer product engineering and business development. |
| | | Ms. Panttaja may have knowledge about: the history, business, and products of Voxer; the development and marketing of Voxer and its technology; the claimed inventions, including conception and reduction to practice, inventorship, and ownership; the state of the art at the time of the inventions. |
| Matthew Ranney | Counsel for Voxer | Named inventor of the Asserted Patents, co-founder of Voxer; previously CTO. |
| | | Mr. Ranney may have knowledge about: the history, business, and products of Voxer; the development and marketing of Voxer and its technology; the claimed inventions, including conception and reduction to practice, inventorship, and ownership; the state of the art at the time of the inventions. |
| Irv Remedios | Counsel for Voxer | CEO of Voxer; previously head of product. |
| | | Mr. Remedios may have knowledge about: the history, business, and products of Voxer; the development and marketing of Voxer and its technology; use of Voxer's technology and intellectual property by others, including Meta Platforms, Inc; communication with others, including Amazon, related to Voxer's technology and intellectual property; commercial success |

| | | and other secondary indicia of nonobviousness of the Asserted Patents. |
|---|---|---|
| Individuals at Amazon.com, Inc. Amazon Web Services, Inc., and Twitch Interactive Inc. | Counsel for Defendants | Design and functionality of Amazon's Accused Streaming Products; operation, testing, and implementation of Amazon's Accused Streaming Products; making, using, offering to sell or sales of Amazon's Accused Streaming Products; knowledge of the Asserted Patents; investigation of the Asserted Patents; customer use of Amazon's Accused Streaming Products; encouragement of use of Amazon's Accused Streaming Products; communications with Voxer relating to the Asserted Patents; communications with suppliers relating to Amazon's Accused Streaming Products; marketing and advertising of Amazon's Accused Streaming Products; market research, competition analysis, and consumer demand of Amazon's Accused Streaming Products; value and demand for Amazon's Accused Streaming Products; commercial success and other secondary indicia of nonobviousness of the Asserted Patents; sales, valuations, and financials regarding Amazon's Accused Streaming Products. |

Inclusion of an individual or entity in the above disclosures should not be construed as an admission that the listed individual or entity will necessarily have discoverable information. In addition, the individuals and entities identified above may possess information protected by the attorney-client privilege, the work product doctrine, or other applicable legal privileges and protections. By identifying these individuals and entities, Voxer does not waive the right to assert any applicable privileges or protections in this matter. Furthermore, by indicating the general subject matter of information that individuals and entities may possess, Voxer does not make any concession, agreement, admission, or waiver of any ultimate determination of relevance or

admissibility of any particular information for any purpose, nor does Voxer in any way limit its right to call any individual or entity to testify concerning other subjects.

Voxer further incorporates by reference all individuals deposed in this case. Voxer further incorporates by reference all other parties in related actions, lists of individuals and entities identified in each of their initial disclosures, and any supplements thereto. Voxer further reserves the right to identify additional persons as this litigation proceeds. By making the foregoing disclosures, Voxer does not waive its right to any discovery in this case, including depositions of as-yet-unidentified individuals or entities.

## II.    Documents that Voxer May Use to Support Its Claims or Defenses Under Rule 26(a)(1)(A)(ii).

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Voxer identifies the following categories of documents, data compilations, and tangible things (collectively referred to "documents") on which Voxer may rely to support its claims and/or defenses in this litigation, some of which may be in the public domains or in the possession, custody, or control of Defendants or third parties. The following identifications should not be construed as an admission that the listed documents, electronically stored information, and tangible things will necessarily include, constitute, or embody discoverable information.

- The Asserted Patents and any related patents and applications, file histories for each, and post-grant proceedings and reexaminations for each;

- Documents relating to any prior litigation involving the Asserted Patents and related patents and applications;

- Documents relating to the ownership and assignment of the Asserted Patents;

- Documents relating to the research and development of the inventions in the Asserted Patents;

- Documents relating to the conception and reduction to practice of the Asserted Patents;

- Documents relating to the eligibility, validity, or enforceability of the Asserted Patents;

- Documents relating to Voxer's development, commercialization, and marketing of products, including those that may practice one or more claims of the Asserted Patents;

- Documents relating to the commercial success and other secondary considerations of non-obviousness of the inventions embodied in the Asserted Patents;

- Documents related to others' use of the Asserted Patents;

- Documents related to the damages incurred by Voxer;

- Documents related to the value of the Asserted Patents;

- Documents related to Defendants' knowledge of the Asserted Patents;

- Documents related to Defendants' communications regarding the Asserted Patents;

- Documents relating to Amazon's Accused Streaming Products, including both hardware and software;

- Documents relating to the development and implementation of Amazon's Accused Streaming Products;

- Documents relating to Defendants' infringement (direct and indirect, literally and under the doctrine of equivalents, including willfulness) of the Asserted Patents;

- Documents relating to the design and operation of the Amazon's Accused Streaming Products;

- Documents relating to Defendants', their customers', and their end-users' use of Amazon's Accused Streaming Products;

- Documents relating to Defendants' revenues, costs, and profits associated with Amazon's Accused Streaming Products;

- Documents relating to agreements related to the Asserted Patents, the subject matter claimed in the Asserted Patents, and Amazon's Accused Streaming Products;

- Documents relating to assertions by Voxer in its complaint and any future amended complaints, or in any written discovery responses (such as interrogatories) served by Voxer; and

- Documents relating to any expert reports in this action, including any materials relied on by the authors of those expert reports.

The above categories constitute Voxer's good faith effort to identify documents that may support its claims and/or defenses to the extent such documents can be or have been identified at this early stage in the litigation. Voxer reserves the right to identify additional documents and to object to the production of any documents described on any basis permitted under the Federal Rules of Civil Procedure or any other applicable law or privilege. Specifically, Voxer reserves the right to object to the production of documents on any basis, including that the information sought: (1) is not relevant; (2) is protected from disclosure by an applicable privilege, doctrine, or immunity; (3) would be unduly burdensome or expensive to produce; (4) contains third-party confidential information and cannot be produced without that party's notification and consent; or (5) constitutes proprietary or trade secret information that should not be produced before an appropriate protective order has been entered. Voxer also may rely on documents that are produced by any party and/or third party to this litigation. Voxer also reserves its right to rely on any other document for impeachment purposes.

## III.    Computation of Damages Under Rule 26(a)(1)(A)(iii).

Voxer incorporates by reference its forthcoming Identification of Asserted Patents, Accused Products, and Damages Model, and any supplements thereto.

Voxer seeks damages in an amount adequate to compensate Voxer for Defendants' infringement of the Asserted Patents from six years prior to the filing of this lawsuit until such time as Defendants cease their infringing conduct or the Asserted Patents expire, including damages in the form of a reasonable royalty and including prejudgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284. Voxer also seeks enhanced damages for Defendants' willful infringement and its attorneys' fees and costs pursuant to at least pursuant to 35 U.S.C. § 285. Voxer will provide a more detailed computation of damages after damages-related discovery is made available by Defendants. Additionally, further detailed computation of damages will be provided after such damages-related information has been evaluated by an expert. Voxer awaits fulsome financial information from Defendants concerning the Amazon's Accused Streaming Products.

In accordance with Fed. R. Civ. P. 26(a)(1)(E), a party's initial disclosures are based on information reasonably available to it. The calculation of Voxer' damages depends on information that is not in Voxer' possession. Voxer anticipates discovery regarding the following and other matters with respect to the computation of the damages due to Voxer that includes, for example: (i) the extent of Defendants' infringement of the Asserted Patents and its impact, (ii) Defendants' financial and sales data (information relating to the value, benefit, revenue and profit that Defendants' derive from the infringing features of Amazon's Accused Streaming Products), and (iii) the extent to which Defendants' infringement drives or assists Defendants in the sale of non-patented features and products.

Moreover, damages computations will be the subject of expert testimony. Further, the damages, costs and attorneys' fees due to Voxer will continue to accrue during the course of this litigation, making the computation premature. Accordingly, it is premature for Voxer to calculate

damages at this stage of the litigation. Voxer will disclose its specific computation of damages in the context of and at the time the disclosure of expert testimony in accordance with Rule 26(a)(2).

## IV.    Insurance Agreements Under Rule 26(a)(1)(A)(iv).

Voxer is not aware of any insurance agreement required to be disclosed.

Of Counsel:

Kyle A. Lonergan
Eliza Beeney
**McKool Smith, P.C.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
klonergan@McKoolSmith.com
ebeeney@McKoolSmith.com

Nicholas Mathews
Warren Lipschitz
**McKool Smith, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
nmathews@McKoolSmith.com
wlipschitz@McKoolSmith.com

James Quigley
**McKool Smith, P.C.**
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
jquigley@mckoolsmith.com

Clara Bourget
**McKool Smith, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, CA 75670
Telephone: (213) 694-1200
cbourget@McKoolSmith.com

Date: December 19, 2025

FARNAN LLP

*/s/ Brian E.. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs Voxer, Inc. and Voxer IP LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2025, a copy of Voxer, Inc. and Voxer IP LLC's

Rule 26(a) Initial Disclosures was served on the following as indicated:


Jennifer Ying
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com

Brian C. Nash
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX 78701
(512) 617-0650

Kyle W.K. Mooney
MORRISON & FOERSTER LLP
280 West 55th Street
New York, NY 10019
(212) 468-8000

Lily Yue Li
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600

Attorneys for Defendants Amazon.com, Inc., Amazon Web Services, Inc.,
and Twitch Interactive, Inc.

*/s/ Brian E. Farnan*
_____

Brian E. Farnan

# EXHIBIT 3

ORAL ORDER: The Court, having reviewed the parties' protective order dispute motion, (D.I. 36 ), and the parties' letter briefs relating thereto, (D.I. 39 ; D.I. 46 ), and having heard argument on September 12, 2022, hereby ORDERS that with regard to the disputed language in Paragraph 3 of the proposed protective order, the Court ADOPTS Plaintiffs proposed language, (D.I. 39 , ex. 1 at 4), for the following reasons: (1) In considering the parties dispute with respect to whether Defendants Finance Manager (Belinda Conrad) should be permitted to have access to confidential information, the Court applies the familiar legal standard set out in cases like PhishMe, Inc. v. Wombat Sec. Techs., Inc., Civil Action No. 16-403-LPS-CJB, 2017 WL 4138961, at *2 (D. Del. Sept. 8, 2017). In the instant scenario where no protective order has yet been entered, the party seeking the more restrictive provision (here, Plaintiffs) bears the burden to demonstrate good cause for the imposition of the disputed portion of the protective order at issue that is, Plaintiffs bear the burden of demonstrating why, after a balancing of the risk and harm factors, that balance weighs in favor of their proposal. See Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc., Civil Action No. 15-691-LPS-CJB, 2016 WL 447794, at *1 n.1 (D. Del. Feb. 4, 2016). Here, based on the record that has been provided to the Court, both of those factors weigh in Plaintiffs favor.; (2) With respect to the risk of inadvertent disclosure and improper use of Plaintiffs confidential information, on the one hand, Ms. Conrad is not a competitive decisionmaker herself. (D.I. 46 , ex. 1 at 1) And Defendant has put real thought into how Ms. Conrad would take specific precautions to ensure that competitive material is not inadvertently disclosed. (Id. at 2) These factors can help support Defendant's arguments that the risk of inadvertent disclosure is not outsized. See PhishMe, Inc., 2017 WL 4138961, at *4-5, *8. But on the other hand: (a) Ms. Conrad directly reports to Defendants President/CEO (Alain Margo), who is one of Defendants two competitive decisionmakers, (D.I. 46 , ex. 1 at 1; see also D.I. 46 at 1), and while she may not participate in sales and marketing management meetings where competitive issues are discussed, Ms. Conrad does provide the competitive decisionmakers with requested accounting reports, and she discusses these reports with them if necessary, (id., ex. 1 at 1); (b) All of this is happening at a very small company comprised of less than 10 people.; and (c) It is undisputed that the parties are real competitors in the eye vitamin market, (see D.I. 46 at 1), which heightens the risk of harm to Plaintiffs should inadvertent disclosure occur. These are facts that make it more likely that Ms. Conrads access to Plaintiffs confidential information could be inadvertently misused or disclosed, see PhishMe, Inc., 2017 WL 4138961, at *4, *7, *8, and in the Court's view, they result in the "risk" factor weighing slightly in favor of Plaintiffs position.; (3) Having found that there is some risk of inadvertent disclosure and improper use of Plaintiffs confidential information were Ms. Conrad permitted access to it, the Court must now balance that risk against the prejudice to Defendant that would result if Ms. Conrad were prohibited from having access to Plaintiffs confidential materials. Had Defendant actually provided any information as to how Ms. Conrad would be participating in this litigation, or why it would be helpful to it for her to gain access to Plaintiffs confidential information, this factor might have redounded to Defendant's benefit and caused the decision to go its way. But Defendant did not do so. Instead, it said only that such a response would call[] for

work-product and attorney-client communications[,] (D.I. 46 at 3) -- even though this is a factor of the relevant legal test that the Court must consider (and one that parties regularly provide information about to the Court). So in light of that non-answer, the "harm" factor redounds in Plaintiffs' favor too.; (4) Therefore, since the risk of inadvertent disclosure outweighs the (unexplained) potential harm to Defendant were its proposal to be rejected, Plaintiffs' proposal is ADOPTED.; (5) By no later than October 21, 2022, the parties shall submit a proposed protective order reflecting the ruling herein and in the Court's prior order. (D.I. 41 ); and (6) The Court would consider a request to modify the Protective Order in the future as to this issue, if the evidence warrants it. Signed by Judge Christopher J. Burke on 10/18/2022. (apk) (Entered: 10/18/2022)

*Bausch & Lomb Inc. v. SBH Holdings LLC*, C.A. No. 20-1463-GBW-CJB, D.I. 47 (D. Del. Oct. 18, 2022) (Burke, Mag. J.) (Oral Order)

# EXHIBIT 4

ORAL ORDER re 44 Letter, 49 Letter, 48 Letter, 45 Letter: Having reviewed the parties' competing proposals for the entry of a protective order in this case, IT IS HEREBY ORDERED that Defendant's request to temporarily preclude Mr. Iyer's access to confidential information is GRANTED. Defendant has shown good cause to preclude Mr. Iyer's access to confidential information pending resolution of the motion to disqualify at D.I. 41. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). To rule otherwise would undermine the District Judge's ability to independently rule on the motion to disqualify. Should the District Judge grant the pending motion to disqualify Mr. Iyer as counsel, Mr. Iyer's viability as a fact witness would be compromised by his access to confidential information prior to the ruling. See Andrx Pharms., LLC v. GlaxoSmithKline, PLC, 236 F.R.D. 583, 587 (S.D. Fla. 2006) (concluding that counsel should not be given access to confidential information "that could consciously or unconsciously affect their testimony regarding the patent-in-suit[.]"). The Court finds no basis to otherwise delay the exchange of discovery while the motion to disqualify counsel is under consideration. Consistent with this Order, Defendant shall submit to the Court a clean copy of the form of protective order at D.I. 44, Ex. 2 on or before December 3, 2021. IT IS FURTHER ORDERED that Plaintiff's request for the entry of its proposed form of protective order is DENIED without prejudice to renew following resolution of the motion to disqualify. Plaintiff's alternative request to exclude access to certain of Defendant's outside counsel is also DENIED because Defendant's counsel are not the subject of motions to disqualify, and speculation that Defendant's counsel may have participated in settlement negotiations in other cases involving the same product is insufficient to suggest that counsel could be disqualified in this case. In accordance with the foregoing rulings, IT IS ORDERED that the discovery dispute teleconference set in this matter for December 3, 2021 at 2:00 p.m. is CANCELLED. Signed by Judge Sherry R. Fallon on 12/2/2021. (Polito, Rebecca) (Entered: 12/02/2021)

*Shilpa Pharma, Inc. v. Novartis Pharms. Corp.*, C.A. No. 21-558-MN (D. Del. Dec. 2, 2021) (Fallon, Mag. J.) (Oral Order)

# EXHIBIT 5

ORAL ORDER: Having reviewed the materials submitted in connection with disputes regarding a protective order (see D.I. 31, 32), IT IS HEREBY ORDERED that: (1) Defendant's proposed acquisition bar is REJECTED, as the Court is not persuaded that the risks identified by Defendant from the absence of such a bar outweigh the undue prejudice to Plaintiff and Plaintiff's counsel that would result from adoption of such a bar; (2) the scope of the prosecution bar proposed by Plaintiff is ADOPTED, as this was the scope originally proposed by Defendant and it is a scope that reasonably reflects the risk presented, particularly given Plaintiff's representation that "[t]he patents in this case are about spreadsheets [and the] products accused are spreadsheet products" (D.I. 32 at 2), however the prosecution bar WILL APPLY to confidential information, as proposed by Defendant, as individuals who access Google's confidential information should not be allowed to prosecute patents in the same technical fields; (3) Defendant's proposed provision preventing Protected Information from being taken outside the U.S. is ADOPTED, as Defendant's sourcecode is entitled to stringent protection, that sourcecode may be referenced in other Protected Information, and the burden on Plaintiff (e.g., having to "purge" a laptop before unrelated foreign travel or taking a different laptop on such travel) is not so strenuous as to outweigh Defendant's interests; (4) the parties shall, no later than April 13, submit a proposed protective order consistent with these rulings; (5) Google shall produce its core technical documents no later than April 22; and (6) the teleconference scheduled for April 10 is CANCELLED. ORDERED by Judge Leonard P. Stark on 4/8/15. (ntl) (Entered: 04/08/2015)

*Data Engine Techs. LLC v. Google LLC*, C.A. No. 14-1115-LPS, D.I. 33 (D. Del. Apr. 8, 2015) (Stark, J.) (Oral Order)

# EXHIBIT 6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ACCUSEARCH TECHNOLOGIES LLC,

                Plaintiff,

     v.

GOOGLE LLC,

                Defendant.

Case No. 1:25-cv-00514-GBW

## [PROPOSED] STIPULATED PROTECTIVE ORDER

AccuSearch Technologies LLC ("AccuSearch") and Google LLC ("Google") (together, "the Parties"), agree that certain information subject to discovery in this action may contain trade secrets or other confidential, proprietary and/or commercially-sensitive information. In the interest of protecting that information and permitting discovery to proceed without delay occasioned by disputes regarding such information, the Parties agree to the protective provisions set forth below. The Parties acknowledge this Order does not confer blanket protections on all disclosures or discovery responses and that the protection it affords from public disclosure and use extends only to information or items that are entitled to confidential treatment under the applicable legal principles. In view of these stipulations, and good cause appearing, the Court enters this Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

**IT IS HEREBY ORDERED**

# 1. DEFINITIONS

**1.1.**   **Action**: The above captioned action.

**1.2.**   **Designating Party**: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" as defined below.

**1.3.**   **Disclosure or Discovery Material**: All items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are filed with or presented to the Court or produced or generated in disclosures or responses to discovery in this matter.

**1.4.**   **Expert**: For purposes of this Order, a person, whether a consultant or testifying expert, that is not subject to an unresolved objection after being disclosed pursuant to Paragraph 9 on any basis, including for lack of specialized knowledge or experience in a matter pertinent to this Action and who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

**1.5.**   **Final Disposition**: Thirty (30) calendar days following the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) entry of final judgment herein after the completion and exhaustion of all appeals, rehearings,

remands, trials, or reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

1.6.    **House Counsel**: Attorneys who are members in good standing of at least one state bar, who are employees of a Party, and who have responsibility for managing this action.  House Counsel does not include Outside Counsel.

1.7.    **Non-Party**: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

1.8.    **Outside Counsel**: Attorneys and their staff who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

1.9.    **Party**: Any party to this Action.

1.10.   **Producing Party**: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1.11.   **Professional Vendors**: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, who have been retained by a Party or its Outside Counsel to provide litigation support services with respect to this Action.

1.12.   **Protected Material**: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" as defined below.

**1.13. Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party or a Designating Party.

**1.14. Source Code**: material properly designated as HIGHLY CONFIDENTIAL – SOURCE CODE.

## 2. SCOPE

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reflect or contain Protected Material.

The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information, including becoming part of the public record through trial; and (b) any information known to the Receiving Party prior to the disclosure or that the Receiving Party can show by written records was obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

The Parties will each use good-faith efforts to resolve disputes, to prevent surprise, to avoid unfair gamesmanship, and to allow prompt, efficient access and review of Protected Material that is relevant and proportional to the needs of this case, while taking all appropriate precautions to maintain the confidentiality of such material and to minimize the burden of discovery.

## 3. PROTECTED MATERIAL DESIGNATIONS

**3.1.** The "**CONFIDENTIAL**" designation applies to information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**3.2.** The "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" designation is reserved for extremely sensitive Discovery Material, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**3.3.** The "**HIGHLY CONFIDENTIAL – SOURCE CODE**" designation applies to extremely sensitive Discovery Material representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

## 4. MANNER AND TIMING OF DESIGNATIONS

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

**4.1.** **Information in Documentary Form** (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings). The Designating Party shall affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

– SOURCE CODE" to each page that contains protected material and will include

metadata in the load file that reflects the designation sufficient to allow the Receiving

Party to sort or search the materials by Designation. The Parties are encouraged to

identify the confidentiality designation of any material being transmitted or otherwise

produced in correspondence transmitting Protected Material (i.e. production cover

letters). A Party or Non-Party that makes original documents or materials available

for inspection need not designate them for protection until after the inspecting Party

has indicated which material it would like copied and produced. During the

inspection and before the designation, the material made available for inspection shall

be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

inspecting Party has identified the documents it wants copied and produced, the

Producing Party must determine which documents qualify for protection under this

Order. Then, before producing the specified documents, the Producing Party must

affix the appropriate legend to each page that contains Protected Material.

**4.2.**    **Native Files**.  Where electronic files and documents are produced in native electronic

format, such electronic files and documents shall be designated for protection under

this Order by appending to the file names or designators information indicating

whether the file contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

CODE," material, or shall use any other reasonable method for so designating

Protected Materials produced in electronic format. When electronic files or

documents are printed for use at deposition, in a court proceeding, or for provision in

printed form to an expert or consultant pre-approved pursuant to Section 9, the Party

Designating Party shall inform the court reporter of these requirements. Any

transcript that is prepared before the expiration of a 21-day period for designation

shall be treated during that period as if it had been designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

agreed. After the expiration of that period, the transcript shall be treated only as

actually designated.

4.4.    **Information produced in some form other than documentary and for any other**

**tangible items:** A Designating Party may affix in a prominent place on the exterior

of the container or containers in which the information or item is stored the legend

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

or "HIGHLY CONFIDENTIAL – SOURCE CODE."

## 5. PERMITTED DISCLOSURE AND USE OF PROTECTED MATERIAL

Protected Material shall be used solely for prosecuting, defending, or attempting to settle

this Action and any related appeals only and may not be used for any other purpose or

proceeding. Protected Material shall not be distributed, disclosed, or made available to anyone

except as expressly provided in this Order.[1] Protected Material must be stored and maintained by

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. Google is responsible for seeking and obtaining the attorney's executed "Acknowledgment and Agreement to Be Bound" whether or not the deposition was sought by Google. To the extent practicable, the noticing party is responsible for providing at least two business days' notice to the Designating Party that they intend to show the non-party Protected Material. In the event such attorney declines to sign the "Acknowledgement and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. This includes storing electronic Protected Material in password-protected form.

## 6. PERSONS WHO MAY ACCESS PROTECTED MATERIALS

**6.1.** **"CONFIDENTIAL" Material**. The following may access CONFIDENTIAL Material:

**6.1.1.** Outside Counsel and supporting personnel employed in their law firm(s), such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

**6.1.2.** One House Counsel for each party who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). House Counsel for AccuSearch will be subject to sub-paragraph 6.1.11;

**6.1.3.** Experts and their necessary support personnel, (1) to whom disclosure is reasonably necessary for litigation of this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 9 below have been completed;

**6.1.4.** The Court, its technical advisor (if one is appointed), its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

**6.1.5.** Stenographic reporters, videographers, and/or their staff, and Professional Vendors to whom disclosure is reasonably necessary for the litigation of this Action

and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);[2]

**6.1.6.** Any person: (i) designated by the Designating Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (ii) who authored or previously received the specific matter(s) addressed in the Protected Material, as evident from its face or reasonably certain in view of other testimony or evidence, provided such foundation is laid prior to showing the person the Protected Material;

**6.1.7.** Professional jury and/or trial consultants and their staff, and mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**6.1.8.** Any mediators, arbitrators, or other dispute resolution neutrals, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);[3]

**6.1.9.** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court. Before making such a disclosure, the

---

[2] Google is responsible for seeking and obtaining the executed "Acknowledgment and Agreement to Be Bound" from the persons included within this category whether or not they were retained by Google or its Outside Counsel. If Google did not retain the persons included in this category, the retaining party must provide Google with two business days' notice, to the extent practicable, that the retained professional will be privy to Protected Material.

[3] Google is responsible for seeking and obtaining the executed "Acknowledgment and Agreement to Be Bound" from the persons included within this category. If Google did not retain the persons included in this category, the retaining party must provide Google with two business days' notice, to the extent practicable, that the retained professional will be privy to Protected Material.

Receiving Party must provide notice sufficient to allow the Designating Party to

object.

**6.1.10.** Any other person with the prior written consent of the Designating Party or upon

order of the Court and on such conditions as may be agreed or ordered.

**6.1.11.** A Receiving Party may also request permission for one or more representative(s)

of the Receiving Party, who will be identified by name and title to the Designating

Party, to review specifically identified documents designated "CONFIDENTIAL,"

which permission will not be unreasonably withheld or delayed by the Designating

Party.

**6.2.     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material.**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to individuals listed in categories

6.1.1., 6.1.3.-6.1.8., and 6.1.10. above.

**6.3.     "HIGHLY CONFIDENTIAL – SOURCE CODE" Material.** Unless otherwise

ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE"

only to:

**6.3.1.** The Receiving Party's Outside Counsel in this action, as well as employees of

said Outside Counsel to whom it is reasonably necessary to disclose the information

for this litigation and who have signed the "Acknowledgment and Agreement to Be

Bound" that is attached hereto as Exhibit A;

**6.3.2.** Up to three Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 9 below have been followed;

**6.3.3.** The Court and its personnel;

**6.3.4.** Stenographic reporters, videographers and their respective staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and are transcribing or videotaping a deposition wherein "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items are being discussed, provided that such reporters and videographers shall not retain or be given copies of any portions of the Source Code, which if used during a deposition, will not be attached as an exhibit to the transcript but instead shall be identified only by its production numbers.

**6.3.5.** While testifying at deposition or trial in this action only: any expert of the Producing Party, subject to the limits in Section 6.3.2, or any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items pursuant to this sub-paragraph shall not retain or be given copies of the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items except while so testifying. Only printed copies of the Source Code will be provided to testifying witnesses during their testimony.

## 7. SOURCE CODE

**7.1.**   A Producing Party may designate material as "HIGHLY CONFIDENTIAL –
SOURCE CODE" if it comprises, includes, or substantially discloses confidential,
proprietary or trade secret source code or algorithms. This material may include,
among things, technical design documentation that comprises, includes, or
substantially discloses source code or algorithms

**7.2.**   Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE"
shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in
Section 8, and may be disclosed only as set forth in Paragraph 7.3.

**7.3.**   Any Source Code produced in discovery shall only be made available for inspection,
not produced except as set forth below, in a format allowing it to be reasonably
reviewed and searched, during normal business hours or at other mutually agreeable
times. Source Code produced by Google will be made available at the office of the
Producing Party's Outside Counsel at 633 Battery Street, San Francisco, CA. Source
Code produced by AccuSearch will be made available at 8229 Boone Boulevard,
Suite 450 Vienna, VA 22182. The Source Code shall be made available for inspection
on a secured computer (the "Source Code Computer") in a secured, locked room
without Internet access or network access to other computers, and the Receiving Party
shall not copy, remove, or otherwise transfer any portion of the Source Code onto any
recordable media or recordable device. The secured computer shall have disk
encryption and be password protected.

**7.4.** The Producing Party shall make the Source Code available electronically and in text searchable form in a secure room. The Source Code shall be produced in the original hierarchical structure—to the extent that structure covers the Source Code being produced—that is defined for the code module or package instead of a flat folder including all the files. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code, except that the Producing Party also shall make available a separate stand-alone computer containing word-processing software, which persons reviewing the source code can use to take notes (the "Note Taking Device"), as set forth in paragraph 7.7 below. All persons entering the locked room containing the source code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room.

**7.5.** The computer containing source code will be made available for inspection during regular business hours, upon reasonable notice to the Producing Party, which shall not be less than three (3) business days in advance of the requested inspection. The Producing Party may visually monitor, at a distance from which the contents of the screen on the Source Code Computer or Note Taking Device cannot be seen, the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. At the end of each day, the persons reviewing the source code may encrypt the notes they took on the Note Taking Device and save that encrypted file to

an encrypted USB device. AccuSearch's outside counsel of record will review the
notes to ensure that the notes do not include prohibited replications of source code, as
specified in Section 7.7, below. AccuSearch's Outside Counsel will confirm to
Google's Outside Counsel that they have done so upon request.

### 7.6. Source Code Computer

**7.6.1.** The Source Code Computer will be configured by the Producing Party to run
software utilities which will allow Outside Counsel and experts to view, search, and
analyze the Source Code; provided that such utilities are reasonably available and
non-destructive to the Source Code. The Receiving Party may request software tools
for viewing and searching Source Code be installed on the Source Code Computer,
provided that such software tools are for the purpose of performing a review of the
Source Code consistent with all the protections herein; and such software tools will
not be capable of compiling or executing the Source Code. The Receiving Party
must provide the Producing Party with the licensed software tools at least seven (7)
calendar days in advance of the date upon which the Receiving Party wishes to have
the additional software tools available for use on the Source Code Computer. Such
tools can be provided by any reasonable method including a link, an installation file,
a drive, CD or DVD. The Producing Party shall ensure that the Source Code
Computer shall have adequate resources, including memory, storage space, and
processing power, to support all such software tools. The Producing Party shall
make reasonable attempts to install the requested software but will not be held
responsible for the proper setup, functioning, or support of any software requested

by the Receiving Party. By way of example, the Producing Party will not compile or debug software for installation.

    **7.6.2.** The Producing Party shall provide a breakout room near the secure room, whenever such a breakout room is reasonably available, for the Receiving Party to take breaks and conduct any non-Source Code review activity.

**7.7.** The Receiving Party's outside counsel and/or expert shall be entitled to take notes on the Note Taking Device relating to the source code (the "Review Notes"). The Review Notes may not contain lines of source code. The Review Notes may contain, for example, directory paths, file paths, file names, function names, variables, and line numbers, but they may not contain complete lines of code. The Note Taking Device shall not be used for any purpose other than to take the Review Notes. The Note Taking Device will be connected to an encrypted USB drive onto which the counsel and/or expert can copy the Review Notes. All Review Notes will be designated and treated as HIGHLY CONFIDENTIAL – SOURCE CODE.

**7.8.** No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL – SOURCE CODE" material other than Review Notes, as specified in Section 7.7, except that the Receiving Party may request paper copies of limited portions of Source Code. The Receiving Party may only request such copies if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, demonstrative exhibits, summary exhibits, or other papers, or for deposition or trial ("Trial Documents"). Trial Documents that contain Source Code must be treated as Protected Material designated as "HIGHLY CONFIDENTIAL—SOURCE CODE."

As a default amount, in no event may the Receiving Party print more than 25

consecutive pages, or an aggregate total of more than 500 pages, of Source Code

during the duration of the case without prior written approval by the Producing Party,

which will be subject to good faith negotiation.

7.9.   The source code may only be transported by the Receiving Party via hand carry. The

Receiving Party must review source code electronically in the first instance, as set

forth in paragraph 7.3. Within 5 business days or such additional time as necessary

due to volume requested, the Producing Party will provide the requested material on

watermarked or colored paper bearing Bates numbers and the legend "HIGHLY

CONFIDENTIAL – SOURCE CODE" unless objected to as discussed below. At the

inspecting Party's request, up to two additional sets (or subsets) of printed source

code may be requested and provided by the Producing Party in a timely fashion. Even

if within the limits described, the Producing Party may challenge the amount of

source code requested in hard copy form or whether the source code requested in hard

copy form is reasonably necessary to any case preparation activity pursuant to the

dispute resolution procedure and timeframes set forth in Section 10. Contested

printouts do not need to be produced to the Receiving Party until the matter is

resolved by the Court.

7.10.  The Receiving Party shall maintain a record of any individual other than Outside

Counsel who has inspected any portion of the source code in electronic or paper form.

The Receiving Party shall maintain all printed portions of the source code in a

secured, locked area under the direct control of counsel responsible for maintaining

the security and confidentiality of the designated materials. Any paper copies

designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be stored or viewed only at (i) the offices of Outside Counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access source code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Except as provided in Section 7.14, the Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the producing party as "HIGHLY CONFIDENTIAL – SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to be used in depositions, expert reports, or court filings as discussed below. The Receiving Party may request additional sets of existing source code printouts solely for use at a deposition beyond the limit imposed in Section 7.9. Any paper copies used during a deposition shall be either destroyed or retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

**7.11.** The Receiving Party's Outside Counsel and/or expert shall be entitled to take Review Notes, as described above, but they may not copy any portion of the source code into the Review Notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

7.12.   A list of names of persons who will view the source code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection.

7.13.   The Receiving Party's Outside Counsel shall maintain a log of all copies of the source code (received from a Producing Party), including, for the avoidance of doubt,  all electronic images and paper copies of Source Code Material, that are delivered by the Receiving Party to any person. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.

7.14.   Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code). The Receiving Party may create an electronic copy or image of limited excerpts of source code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents[4] ("SOURCE CODE DOCUMENTS").  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The Receiving Party may create an electronic image of a selected portion of the Source Code for transmission only when the electronic file

---

[4] Drafts shall only include those excerpts the Receiving Party believes will be included in the final version.

containing such image has been encrypted using commercially reasonable encryption

software including password protection. For the avoidance of doubt, such

transmission does not include electronically filing documents under seal. The

communication and/or disclosure of electronic files containing any portion of source

code shall at all times be limited to individuals who are authorized to see source code

under the provisions of this Protective Order. Additionally, all electronic copies must

be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE."

7.15.   To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT,

either (1) the entire document will be stamped and treated as HIGHLY

CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source

Code will be separately bound, stamped, and treated as HIGHLY CONFIDENTIAL –

SOURCE CODE.

## 8.  PROSECUTION BAR

8.1.   **During the Bar Period (defined below)**: Absent written consent from the

Designating Party, any individual who receives access to and reviews

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that is technical in

nature shall not supervise, assist, substantively advise, or otherwise be involved in the

drafting or amending of patent claims of any patent claims of any patent application

directed to Internet search functionality disclosed in a Party's technical Protected

Materials, including without limitation the patents asserted in this action and any

patent or application claiming priority to or otherwise related to the patents asserted

in this action, before any foreign or domestic agency during the pendency of this

Action and for a period ending two years after the Final Disposition of this Action.

**8.2.**   This Section does not prohibit a Party's Outside Counsel or its Experts from
participating in *inter partes* or *ex parte* reexamination proceedings, Post-Grant
Review proceedings, *Inter Partes* Review proceedings, *Ex Parte* Review proceedings,
Covered Business Method Review proceedings, or any other proceeding challenging
any of the Party's patents; provided, however, that any individual Outside Counsel
and/or Expert who has received access to and reviewed the opposing Party's technical
Protected Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL
– ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE
CODE" does not participate in the drafting or amending of any patent claims directed
to the particular technical information disclosed in a Party's technical Protected
Materials that such individual has reviewed and that relates to the patents-in-suit.

**8.3.**   The duration of this section may be terminated earlier by written agreement of the
parties (e.g., in the case of a settlement).

## 9. DISCLOSURE TO EXPERTS

**9.1.**   Unless otherwise ordered by the court or agreed to in writing by the Designating
Party, a Receiving Party that seeks to disclose to an Expert (as defined in this Order)
any information or item that has been designated "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"
pursuant to this Order first must disclose to the Designating Party[5]: (i) the Expert's

---

[5] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to
the Non-Party's production of any information or item that has been designated "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE
CODE" need not be disclosed to said Non-Party unless such Non-Party requests such
information prior to the production of any Protected Material. Moreover, unless otherwise
requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-
Party before that Non-Party's Protected Material may be disclosed thereto.

signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) and current curriculum vitae; (ii) the full name of the Expert and the city and state of his or her primary residence, (iii) the Expert's past and present employment, and/or consulting relationships for the last four (4) years,[6] and (iv) identification (by name and number of the case) of any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five (5) years; and (v) whether the expert may be shown "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information.

9.2.   A Receiving Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within fourteen (14) days of delivering the request, the Receiving Party receives a written objection from the Designating Party. The objection must not be unreasonable. Any such objection must set forth in detail the grounds on which it is based.

9.3.   A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) business days of the written objection. If no agreement is reached, the Designating Party objecting to the disclosure to the Expert may, within seven business (7) days, follow the procedures outlined in 4(g) of the

---

[6] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

Scheduling Order, ECF No. 34, seeking permission from the court to do so. If relief is not sought from the Court within that time (i.e., within seven business days of reaching an impasse), the objection shall be deemed withdrawn. If relief is sought, Protected Materials shall not be disclosed to the Expert or consultant until the objection is resolved by the Court.

9.4.    In any such proceeding, the Designating Party shall bear the burden of proving that the risk of harm that the disclosure would entail outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

9.5.    In the event that a material conflict arises in connection with an expert based on new information, which was not known or reasonably foreseeable prior to the conclusion of the notice and objection period set forth in this order, the parties will meet and confer in good faith to address any objection resulting from such conflict to resolve the objection in a manner that minimizes prejudice to the parties. If the parties are unable to resolve the objection, the objecting party reserves the right to seek relief from the Court.

## 10. CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

10.1.    The Parties shall use reasonable care when designating documents or information as Protected Material. Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Material have been improperly designated. A Receiving Party may at any time request that the Designating Party cancel or modify the Protected Material designation with respect to any document or information contained therein.

**10.2.** A Receiving Party shall not be obligated to challenge the propriety of a designation of any category of Protected Material at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto unless, and only to the extent that, a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation.

**10.3.** A challenge to a confidentiality designation shall be written, shall be served on Outside Counsel for the Designating Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall meet and confer by voice-to-voice communication within fourteen (14) days of the service of the challenge, using their best efforts to resolve promptly, in fewer than fourteen days (14), and informally such disputes.

**10.4.** If agreement cannot be reached, the Receiving Party may request, in accordance with the Court's rules governing discovery disputes, that the Court cancel or modify the designation. Any such request must be made within seven (7) days after the Parties reach an impasse.

**10.5.** Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## 11. NON-PARTY USE OF THIS PROTECTIVE ORDER

**11.1.** The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. A Non-Party's use of this Order to protect its Protected Material does not entitle that Non-Party access to the Protected Material produced by any Party in this case.

**11.2.** In the event that a Party is required, by a Requesting Party's valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

**11.2.1.** promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

**11.2.2.** promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested;

**11.2.3.** and make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may

produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party objects or timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 12. INADVERTENT FAILURE TO DESIGNATE

Inadvertent or unintentional production of documents or things containing Protected Material which are not designated as one or more of the three categories of Protected Material at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the Producing Party shall immediately upon discovery notify the other Party of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. In the event of any disclosure of Protected Material other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, Outside Counsel for the Party responsible for the disclosure shall immediately notify opposing Outside Counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Material in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.

## 13. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

**13.1.** Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. When

a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must sequester and may not use such information until the objection is resolved or ruled on by the Court.

**13.2.** Any disclosure of communications, information, or documents covered by the attorney-client privilege or work-product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

**13.3.** This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work product protection over disclosed communications, information, and documents.

**13.4.** Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## 14. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Order, the Receiving

Party must immediately (a) notify in writing the Designating Party of the unauthorized

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

this Order, and request such person or persons to execute the "Acknowledgment and Agreement

to Be Bound," attached hereto as Exhibit A.

If a Receiving Party or person authorized to access Protected Material ("Authorized

Recipient") discovers any loss of Protected Material or a breach of security, including any actual

or suspected unauthorized access, relating to another party's Protected Material, the Receiving

Party or Authorized Recipient shall: (i) promptly stop the unauthorized breach;  (ii) promptly

(within 72 hours)  provide written notice to Designating Party of such breach, including

information regarding the size, scope, and impact of the breach; (iii) investigate and make

reasonable efforts to remediate the effects of the breach;  (iv) provide Designating Party with

assurance reasonably satisfactory to the Designating Party that the breach shall not recur; and (v)

reasonably cooperate with the Designating Party and law enforcement in investigating and

responding to any such security incident. In any event, the Receiving Party or Authorized

Recipient shall promptly take all necessary and appropriate corrective action to terminate any

unauthorized access.

## 15. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**15.1.   Other Proceedings.** By entering this order and limiting the disclosure of information

in this case, the Court does not intend to preclude another court from finding that

information may be relevant and subject to disclosure in another case. Any person or
Party subject to this order who becomes subject to a motion to disclose another
Party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"
pursuant to this order shall promptly notify that Party of the motion so that the Party
may have an opportunity to appear and be heard on whether that information should
be disclosed.

15.2.    If a Receiving Party is served with a subpoena or a court order issued in other
litigation that compels disclosure of any information or items designated in this action
as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Receiving Party
must:

15.2.1.  promptly notify in writing the Designating Party. Such notification shall
include a copy of the subpoena or court order;

15.2.2.  promptly notify in writing the entity who caused the subpoena or order to
issue in the other litigation that some or all of the material covered by the
subpoena or order is subject to this Protective Order. Such notification shall
include a copy of this Order; and

15.2.3.  cooperate with respect to all reasonable procedures sought to be pursued by
the Designating Party whose Protected Material may be affected.

15.3.    The Designating Party shall have 14 days from the service of the notification pursuant
to this Section to seek a protective order. If the Designating Party timely seeks a
protective order, the Receiving Party served with the subpoena or court order shall

not produce any information designated in this action as "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY

CONFIDENTIAL – SOURCE CODE" before a determination by the court from

which the subpoena or order issued, unless the Party has obtained the Designating

Party's permission.

## 16. MISCELLANEOUS PROVISIONS

**16.1.** **Right to further relief.** Nothing in this Order abridges the right of any person to

seek its modification by agreement with other Parties or by applying to the Court if

such agreement cannot be reached. Furthermore, without application to the Court, any

Designating Party may enter a written agreement releasing any Receiving Party from

one or more requirements of this Order even if the conduct subject to the release

would otherwise violate the terms herein.

**16.2.** **Exercise of Restraint and Care in Designating Material for Protection.** Each

Party or Non-Party that designates information or items for protection under this

Order must take care to limit any such designation to specific material that qualifies

under the appropriate standards. Mass, indiscriminate, or routine designations are

prohibited. Designations that are shown to be clearly unjustified or that have been

made for an improper purpose (e.g., to unnecessarily encumber or retard the case

development process or to impose unnecessary expenses and burdens on other

Parties) expose the Designating Party to sanctions. If it comes to a Designating

Party's attention that information or items that it designated for protection do not

qualify for protection at all or do not qualify for the level of protection initially

asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

16.3.   **Export Control**. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Protected Material shall comply with all applicable export control statutes and regulations. *See, e.g.,* 15 CFR 734. No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)). Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material, exclusive of material designated HIGHLY CONFIDENTIAL – SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations. This provision shall not prohibit AccuSearch from retaining an expert residing in the U.S. on an H-1B visa to review

material designated as Protected Material, provided that the review of such material

takes place within the territorial boundaries of the United States of America.

**16.4.  Right to Assert Other Objections.** By stipulating to the entry of this Protective

Order, no Party waives any right it otherwise would have to object to disclosing or

producing any information or item on any ground not addressed in this Order.

Similarly, no Party waives any right to object on any ground to use in evidence of any

of the material covered by this Protective Order.

**16.5.  Filing Protected Materials**: Without written permission from the Designating Party

or a Court order secured after appropriate notice to all interested persons, a Party may

not file in the public record in this action any Protected Material. Protected Material

may only be filed under seal pursuant to a Court order authorizing the sealing of the

specific Protected Material at issue. Specifically, a Party that seeks to submit to the

Court any Protected Material, including transcripts of depositions, exhibits, answers

to interrogatories, pleadings, briefs, and other documents that have been designated as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

or "HIGHLY CONFIDENTIAL – SOURCE CODE," or which contain information

so designated, shall file under seal in accordance with Local Rule 5.1.3, or if

electronic submission is impossible, in sealed envelopes or other appropriate sealed

containers labeled with the case caption, the words "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," and/or "HIGHLY

CONFIDENTIAL – SOURCE CODE" as appropriate, and a statement in

substantially the following form, or such as other form as ordered by the Court or

required by the Clerk of the Court:

This envelope contains confidential information filed in this case by [name of party] that is subject to a Protective Order of the Court. It should not be opened or its contents disclosed, revealed or made public except by Order of the Court or agreement of the parties.

However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

16.6. **Limits on Discovery of Expert Witness Materials**: Testifying Experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a Party and that Party's testifying Expert, and all materials generated by a testifying Expert with respect to that person's work, are exempt from discovery unless they relate to the Expert's compensation or identify facts, data or assumptions relied upon by the Expert in forming any opinions in this litigation and such information is not already disclosed in the Expert's report.

16.7. **No Limitation on Legal Representation.** This Order shall not be construed in a manner that prevents Outside Counsel from advising his or her client regarding the status, merits, valuation, strength of any claim or defense based on such counsel's review and evaluation of Protected Material, as long as such advice is provided without revealing the content of any Protected Material other than as permitted under this Order.

**16.8.** **Agreement Upon Execution.** Each of the Parties agrees to be bound by the terms of this Stipulated Protective Order as of the date counsel for such party executes this Stipulated Protective Order, even if prior to entry of this Order by the Court.

**16.9.** **Data Security.** Any person in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material, including restrictions regarding the disclosure or use of Protected Material in any large language models or any artificial intelligence services.[7] The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Order. As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of Protected Material and take reasonable measures to password protect and encrypt Protected Material. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material. If Protected Material is to be used during a deposition, the Designating Party shall be permitted to specify the technology and instance to be used to conduct the deposition with respect to that Protected Material (e.g., for audio/video-conferencing and exhibits).

## 17. FINAL DISPOSITION OF THE ACTION

Within sixty (60) days after Final Disposition of this Action, all Protected Material, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or

---

[7] Such restrictions shall, at a minimum, prohibit the disclosure or use of Protected Material in any large language models or artificial intelligence services that are accessible to the public or will capture entered data in order to train what is accessible by the public.

extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall be returned to the Producing Party or be destroyed. The Receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request by the 60-day deadline that (1) identifies (by category) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, Outside Counsel shall be entitled to maintain one (1) copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), expert reports that do not include materials designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE, trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information for archival purposes only. Notwithstanding the foregoing, all material marked HIGHLY CONFIDENTIAL – SOURCE CODE including but not limited to exhibits to deposition transcripts, discovery requests, expert reports, pleadings, motions and trial briefs, shall be

destroyed and confirmed in writing by the Receiving Party at the request of the Designating Party.

After Final Disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect (except with respect to that Disclosure or Discovery Material that become a matter of public record) until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

## 18. INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION

The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order, unless the Action is transferred to another district, in which case the transferee court shall have jurisdiction or shall enter a Protective Order that conforms with its Local Rules. This Court (or the transferee court) retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provisions of this Order following Final Disposition of this Action.

ASHBY & GEDDES

*/s/ Brian A. Biggs*
_____

Andrew C. Mayo (#5207)
Brian A. Biggs (#5591)
500 Delaware Avenue, 8th Floor
PO Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
bbiggs@ashbygeddes.com

Ronald M Daignault
Chandran B. Iyer
Oded Burger
Steven J. Reynolds
Lisa Phillips
DAIGNAULT IYER LLP
8229 Boone Boulevard – Suite 450
Vienna, VA 22182
(908) 723-0981
rdaignault@daignaultiyer.com
cbiyer@daignaultiyer.com
oburger@daignaultiyer.com
sreynolds@daignaultiyer.com
lphillips@daignaultiyer.com

*Attorneys for Plaintiff*
*AccuSearch Technologies LLC*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*
_____

Brian P. Egan (#6227)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
began@morrisnichols.com
cclark@morrisnichols.com

David J. Silbert
Edward Bayley
JD Schneider
Ryan J. Hayward
Catherine C. Porto
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

*Attorneys for Defendant*
*Google LLC*

Dated: November 5, 2025

**SO ORDERED** this ____6th____ day of ____November____, 2025.

_____

United States District Judge Gregory B. Williams

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ACCUSEARCH TECHNOLOGIES LLC,

                  Plaintiff,

    v.

GOOGLE LLC,

                  Defendant.

Case No. 1:25-cv-00514-GBW

## AGREEMENT TO BE BOUND

I, _____, declare that:

1.    My address is _____.

       My current employer is _____.

       My current occupation is _____.

2.    I have received a copy of the Protective Order in this Action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is disclosed to me. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my possession, and

all documents and things that I have prepared relating thereto, to the Outside Counsel for the Party by whom I am employed.

    5.     I hereby submit to the jurisdiction of this Court or the court to which this Action is transferred for the purpose of enforcement of the Protective Order in this action.

    I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Print Name _____

Date _____

# EXHIBIT 7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MULTIFOLD INTERNATIONAL INCORPORATED PTE. LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 1:23-CV-01173-JLH |
| MOTOROLA MOBILITY LLC, | |
| Defendant. | |
| MULTIFOLD INTERNATIONAL INCORPORATED PTE. LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 1:23-CV-01323-JLH |
| GOOGLE LLC, | |
| Defendant. | |

## PROTECTIVE ORDER

1.   **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section

14.5, below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 5.1.3 and the Court's CM/ECF Procedures set forth the procedures that must be followed when a Party seeks permission from the Court to file material under seal.

2.    DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".[1]

2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or

---

[1] The identification of source code, the "Highly Confidential – Source Code" designation, and incorporation of provisions relating to the same is not an indication that source code will be produced in this matter nor required for this matter.

2

as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor. For clarity, this definition includes any source code reviewer.

2.7 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10 House Counsel: attorneys who are members in good standing of at least one state bar, who are employees of a Party, and who have responsibility for managing this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.13 Party: any party to this action.

2.14 Producing Party: a Party or Non-Party that produces Disclosure or Discovery

3

Material in this action.

      2.15   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who (1) have been retained by a Party or its counsel to provide litigation support services with respect to this action, (2) are (including any employees and subcontractors) not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, are not anticipated to become an employee of a Party or of a Party's competitor.

      2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

      2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material.

3.   <u>SCOPE</u>

      The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party

4

prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

obtained the information lawfully and under no obligation of confidentiality to the Designating

Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

        Even after final disposition of this litigation, the confidentiality obligations imposed by

this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court

order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment

herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews

of this action, including the time limits for filing any motions or applications for extension of

time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

        5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party

or Non-Party that designates information or items for protection under this Order must take care

to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to

be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

encumber or retard the case development process or to impose unnecessary expenses and

burdens on other Parties) expose the Designating Party to sanctions.

        If it comes to a Designating Party's attention that information or items that it designated

for protection do not qualify for protection at all or do not qualify for the level of protection

initially asserted, that Designating Party must promptly notify all other Parties that it is

withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party when practical identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being

6

asserted. When it is impractical to identify separately each portion of testimony that is entitled to

protection and it appears that substantial portions of the testimony may qualify for protection, the

Designating Party shall have up to 21 days to identify the specific portions of the testimony as to

which protection is sought and to specify the level of protection being asserted. Only those

portions of the testimony that are appropriately designated for protection within the 21 days shall

be covered by the provisions of this Protective Order. Alternatively, a Designating Party may

specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Parties shall give the other Parties reasonable notice (a minimum of two business days) if

they reasonably expect a deposition, hearing or other proceeding to include Protected Material so

that the other Parties can ensure that only authorized individuals who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page

that the transcript contains Protected Material, and the title page shall be followed by a list of all

pages (including line numbers as appropriate) that have been designated as Protected Material

and the level of protection being asserted by the Designating Party. The Designating Party shall

inform the court reporter of these requirements. Any transcript that is prepared before the

expiration of a 21-day period for designation shall be treated during that period as if it had been

designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

otherwise agreed. After the expiration of that period, the transcript shall be treated only as
actually designated.

           (c) <u>for information produced in some form other than documentary and for any
other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the
container or containers in which the information or item is stored the legend "CONFIDENTIAL"
or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY
CONFIDENTIAL – SOURCE CODE".

      5.3    <u>Inadvertent or Mistaken Failures to Designate</u>. If timely corrected, an inadvertent
or mistaken failure to designate qualified information or items does not, standing alone, waive
the Designating Party's right to secure protection under this Order for such material. Upon
timely correction of a designation, the Receiving Party must make reasonable efforts to assure
that the material is treated in accordance with the provisions of this Order.

6.      <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

      6.1    <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality
at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is
necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a
significant disruption or delay of the litigation, a Party does not waive its right to challenge a
confidentiality designation by electing not to mount a challenge promptly after the original
designation is disclosed.

      6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution
process by providing written notice of each designation it is challenging and describing the basis
for each challenge. To avoid ambiguity as to whether a challenge has been made, the written
notice must recite that the challenge to confidentiality is being made in accordance with this

ME1 49664824v.1

specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

     6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

9

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed

or produced by another Party or by a Non-Party in connection with this case only for

prosecuting, defending, or attempting to settle this litigation. Such Protected Material shall not be

used for any business purpose, in connection with any other legal proceeding, or directly or

indirectly for any other purpose whatsoever. Such Protected Material may be disclosed only to

the categories of persons and under the conditions described in this Order.[2] When the litigation

has been terminated, a Receiving Party must comply with the provisions of section 15 below

(FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and

in a secure manner that ensures that access is limited to the persons authorized under this Order.

Protected Material shall not be copied or otherwise reproduced by a Receiving Party, except for

transmission to qualified recipients, without the written permission of the Producing Party or by

further order of the Court.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as

---

[2] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Up to one House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) stenographic reporters, videographers and/or their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court. Before making such a disclosure, the Receiving Party shall provide the Designating Party notice if it reasonably expects a deposition to include CONFIDENTIAL information that is sufficient to allow the Designating Party to object. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author, signatory, or recipient of a document containing the information or

11

a custodian or other person who otherwise possessed or personally knows the information.

(h) mock jurors who have signed onto this Protective Order and agreed to be bound by its terms.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below, have been followed;

(c) the Court and its personnel;

(d) stenographic reporters, videographers and their respective staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) during their depositions, any person designated by the Designating Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court. Before making such a disclosure, the Receiving Party shall provide the Designating Party notice if it

12

reasonably expects a deposition to include HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information that is sufficient to allow the Designating Party to object. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

> (f) the author, signatory, or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information, unless the Designating Party objects to the disclosure.

> 7.4   Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

> (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

> (b) up to four Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below and specifically identified as eligible to access "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, have been followed;

> (c) the Court and its personnel;

> (d) stenographic reporters, videographers and their respective staff who have

13

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and are transcribing or videotaping a deposition wherein "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items are being discussed, provided that such reporters and videographers shall not retain or be given copies of any portions of the source code, which if used during a deposition, will not be attached as an exhibit to the transcript but instead shall be identified only by its production numbers.

(e) while testifying at deposition or trial in this action only, any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items pursuant to this sub-paragraph shall not retain or be given copies of the "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items except while so testifying. Only printed copies of the Source Code will be provided to testifying witnesses during their testimony.

7.5 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraphs

14

7.3(b) or 7.4(b) first must make a written request to the Designating Party[3] that (1) identifies the

general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

"HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks

permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and

state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4)

identifies the Expert's current employer(s), (5) identifies each person or entity from whom the

Expert has received compensation or funding for work in his or her areas of expertise or to

whom the expert has provided professional services, including in connection with a litigation, at

any time during the preceding five years,[4] and (6) identifies (by name and number of the case,

filing date, and location of court) any litigation in connection with which the Expert has offered

expert testimony, including through a declaration, report, or testimony at a deposition or trial,

during the preceding five years.

(b) A Party that makes a request and provides the information specified in the

preceding respective paragraphs may disclose the subject Protected Material to the identified

Expert unless, within 14 days of delivering the request, the Party receives a written objection

from the Designating Party. Any such objection must set forth in detail the grounds on which it is

based.

---

[3] For a Designating Party that is a Non-Party, experts previously disclosed and approved prior to the Non-Party's production of any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" need not be disclosed to said Non-Party unless such Non-Party requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the Non-Party, subsequently disclosed experts need not be disclosed to the Non-Party before that Non-Party's Protected Material may be disclosed thereto.

[4] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 7 days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion in accordance with the Court's rules seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

(d) In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(e) A party who has not previously objected to disclosure of Protected Material to an Expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an Expert at a later time with respect to Protected Material that is produced after the time for objecting to such Expert has expired or if new information about that Expert is disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth above.

8.    <u>PROSECUTION AND ACQUISITION BAR</u>

(a) Absent written consent from [Google LLC/Motorola Mobility LLC], any individual who receives access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

16

EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by

[Google LLC/Motorola Mobility LLC] shall not be involved in the prosecution of patents or

patent applications relating to the user interfaces or hinge mechanisms of multi-screen and/or

multi-display devices, including without limitation the patents asserted in this action and any

patent or application claiming priority to or otherwise related to the patents asserted in this

action, before any foreign or domestic agency, including the United States Patent and Trademark

Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes any activity

related to (i) the preparation or prosecution (for any person or entity) of patent applications,

including among others reexamination and reissue applications or (ii) directly or indirectly

participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of

patent claims.[5] To avoid any doubt, "prosecution" as used in this paragraph does not include

participation in a challenge or in defense of a patent before a domestic or foreign agency

(including, but not limited to, a reissue, protest, *ex parte* reexamination, *inter partes*

reexamination, *inter partes* review, post grant review or covered business method review, or

certificate of correction), provided, however, that such participation does not involve, directly or

indirectly, the drafting, amending, or modifying of patent claims. To avoid any doubt, counsel of

record in this action shall not be prohibited from serving as counsel to Multifold International

Incorporated Pte. Ltd. in any *inter partes* review proceeding involving any of the patents asserted

in this action. This Prosecution Bar shall begin when access to "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

SOURCE CODE" information is first received by the affected individual and shall end two (2)

---

[5] Prosecution includes, for example, original prosecution, reissue, *inter partes* review, post grant review, covered business method review and reexamination proceedings.

years after final termination of this action.

(b) Absent written consent from [Google LLC/Motorola Mobility LLC], any individual who receives access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information designated by [Google LLC/Motorola Mobility LLC] shall not be involved in activity related to: (i) the acquisition of patents or patent applications (for any person or entity) relating to the user interfaces or hinge mechanisms of multi-screen and/or multi-display devices; or (ii) advising or counseling clients regarding the same. This Acquisition Bar shall begin when access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final disposition of this action as provided herein.

9.      SOURCE CODE

(a)      To the extent production of source code becomes necessary in this case, a Producing Party may designate material as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises, includes, or substantially discloses confidential, proprietary or trade secret source code or algorithms.  This material may include, among things, technical design documentation that comprises, includes, or substantially discloses source code or algorithms.

(b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8 and the Acquisition Bar set forth in Paragraph 8, and may be disclosed only as set forth in Paragraph 7.4.

(c)      Any source code produced in discovery shall only be made available for

18

inspection, not produced except as set forth below, in a format allowing it to be reasonably

reviewed and searched, during normal business hours or at other mutually agreeable times, at (1)

an office of the Producing Party or the Producing Party's primary Outside Counsel of Record or

(2) another mutually agreed upon location. Any location under (1) or (2) shall be within the

United States. The source code shall be made available for inspection on a secured computer (the

"Source Code Computer") in a secured, locked room without Internet access or network access

to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any

portion of the source code onto any recordable media or recordable device. The secured

computer shall have disk encryption and be password protected. Use or possession of any

input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-

enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the

Internet or any other network or external system, etc.) is prohibited while accessing the computer

containing the source code. All persons entering the locked room containing the source code

must agree to submit to reasonable security measures to ensure they are not carrying any

prohibited items before they will be given access to the locked room. The computer containing

source code will be made available for inspection during regular business hours, upon reasonable

notice to the Producing Party, which shall not be less than 3 business days in advance of the

requested inspection. The Producing Party may visually monitor the activities of the Receiving

Party's representatives during any source code review, but only to ensure that there is no

unauthorized recording, copying, or transmission of the source code.

       (d)    No person shall copy, e-mail, transmit, upload, download, print,

photograph or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL -

SOURCE CODE" material, except that the Receiving Party may request paper copies of limited

19

portions of source code, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. In no event may the Receiving Party request printing of more than 25 consecutive pages, or an aggregate total of more than 500 pages, of source code during the duration of the case without prior written approval by the Producing Party. The source code may only be transported by the Receiving Party via hand carry. The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. Within five business days or such additional time as necessary due to the volume requested, the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below. At the inspecting Party's request, up to two additional sets (or subsets) of printed source code may be requested and provided by the Producing Party in a timely fashion. Even if within the limits described, the Producing Party may challenge the amount of source code requested in hard copy form or whether the source code requested in hard copy form is reasonably necessary to any case preparation activity pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. Contested printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all printed portions of the source code in a secured, locked area under the direct control of counsel responsible for maintaining the security and confidentiality of the designated

20

materials. Any paper copies designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access source code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Except as provided in subsection (i) of this section, the Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the producing party as "HIGHLY CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions and expert reports, or court filings as discussed below.  Any paper copies used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[6]

(f)     The Receiving Party's outside counsel and/or expert(s) shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(g)     A list of names of persons who will view the source code will be provided to the Producing Party in conjunction with any written (including email) notice requesting

---

[6] The nature of the source code at issue in a particular case may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

inspection.  The Receiving Party shall maintain a daily log of the names of persons who enter the

locked room to view the source code and when they enter and depart.  The Producing Party shall

be entitled to a copy of the log.

        (h)     The Receiving Party's outside counsel shall maintain a log of all copies of

the source code (received from a Producing Party) that are delivered by the Receiving Party to

any person.  The log shall include the names of the recipients and reviewers of copies and

locations where the copies are stored.  Upon request by the Producing Party, the Receiving Party

shall provide reasonable assurances and/or descriptions of the security measures employed by the

Receiving Party and/or person that receives a copy of any portion of the source code.

        (i)     Except as provided in this Paragraph, the Receiving Party may not create

electronic images, or any other images, of the source code from the paper copy for use on a

computer (e.g., may not scan the source code to a PDF, or photograph the code).  The Receiving

Party may create an electronic copy or image of limited excerpts of source code only to the

extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript,

other Court document, or any drafts of these documents[7] ("SOURCE CODE

DOCUMENTS").  The Receiving Party shall only include such excerpts as are reasonably

necessary for the purposes for which such part of the source code is used.  Images or copies of

source code shall not be included in correspondence between the parties (references to

production numbers shall be used instead) and shall be omitted from pleadings and other papers

except to the extent permitted herein.  The Receiving Party may create an electronic image of a

selected portion of the Source Code only when the electronic file containing such image has been

---

[7] Drafts shall only include those excerpts the Receiving Party believes will be included in the final
version.

encrypted using commercially reasonable encryption software including password protection, except that such encryption or password protection is not required for electronic files that are to be filed electronically with the Court pursuant to the provisions of Paragraph 14.5.  The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE."

(j) To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted source code will be separately bound, and stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

(k) The Receiving Party shall maintain a log of all electronic images and paper copies of source code material in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.

10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall

include a copy of the subpoena or court order;

    (b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[8]

    If the Designating Party timely[9] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

    (a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

---

[8] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

[9] The Designating Party shall have up to fourteen days from the service of the notification pursuant to Section 10(a) to seek a protective order.

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such

information produced by Non-Parties in connection with this litigation is protected by the

remedies and relief provided by this Order. Nothing in these provisions should be construed as

prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to

produce a Non-Party's confidential information in its possession, and the Party is subject to an

agreement with the Non-Party not to produce the Non-Party's confidential information, then the

Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that

some or all of the information requested is subject to a confidentiality agreement with a Non-

Party;

2.   promptly provide the Non-Party with a copy of the Protective Order in this

litigation, the relevant discovery request(s), and a reasonably specific description of the

information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court

within 14 days of receiving the notice and accompanying information, the Receiving Party may

produce the Non-Party's confidential information responsive to the discovery request. If the

Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any

information in its possession or control that is subject to the confidentiality agreement with the

Non-Party before a determination by the Court.[10] Absent a Court order to the contrary, the Non-

---

[10] The purpose of this provision is to alert the interested parties to the existence of confidentiality
rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality
interests in this Court.

Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

If a Receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach;  (2) promptly (within 72 hours)  provide written notice to Designating Party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach.  In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

13.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving

26

Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim. The Producing Party must promptly produce a privilege log and the basis for the claim of privilege or other protection. The Receiving Party may challenge the Producing Party's claim of privilege or protection by informing the Producing Party of its disagreement with the Producing Party's claim within three business days of notification. The Producing Party must preserve the specified information until any claim is resolved. In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced. Any disclosure of communications, information, or documents covered by the attorney-client privilege or work product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Rule 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work product protection over disclosed communications, information, and documents. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness

27

ME1 49664824v.1

and/or segregation of privileged and/or protected information before production.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

seek its modification by agreement with other Parties or by applying to the Court if such

agreement cannot be reached.  Furthermore, without application to the Court, any party that is a

beneficiary of the protections of this Order may enter a written agreement releasing any other

party hereto from one or more requirements of this Order even if the conduct subject to the

release would otherwise violate the terms herein.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

Order no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Protective Order. Similarly, no Party

waives any right to object on any ground to use in evidence of any of the material covered by

this Protective Order.

14.3    No Agreement Concerning Discoverability. The identification or agreed upon

treatment of certain types of Disclosure and Discovery Material does not reflect agreement by

the Parties that the disclosure of such categories of Disclosure and Discovery Material is required

or appropriate in this action. The Parties reserve the right to argue that any particular category of

Disclosure and Discovery Material should not be produced.

14.4    Export Control. Disclosure of Protected Material shall be subject to all applicable

laws and regulations relating to the export of technical data contained in such Protected Material,

including the release of such technical data to foreign persons or nationals in the United States or

elsewhere. Each party receiving Protected Information shall comply with all applicable export

control statutes and regulations.  *See, e.g.,* 15 C.F.R. 734.  No Protected Information may leave

28

the territorial boundaries of the United States of America.  Nor may Protected Information be made available to any foreign national, unless the foreign national is authorized under Paragraph 7.5 to receive Protected Information and meets one of the following requirements: (i) is lawfully admitted for permanent residence in the United States; (ii) is identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)); (iii) is working in the United States pursuant to an H-1B or L-1 visa sponsored by the Receiving Party's Outside Counsel of Record or an entity retained by the Receiving Party or their Outside Counsel of Record to provide support or legal representation in this matter and who is otherwise unaffiliated with the Receiving Party; or (iv) is directly employed by the Receiving Party's Outside Counsel of Record to provide support or legal representation in this matter and who is otherwise unaffiliated with the Receiving Party.  Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form.  The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Information, exclusive of material designated HIGHLY CONFIDENTIAL – SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

14.5   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. Any Protected Material, if filed with the

Court, shall be filed under seal pursuant to the Court's procedures for filing materials under seal, and shall be made available only to the Court and to persons qualified, under the terms of this Protective Order, to have access to such designated material.

14.6 <u>Use of Protected Material at Hearing or Trial</u>. A Party shall provide a minimum of two business days' notice to the Producing Party in the event that a Party intends to use any Protected Information during any hearing or trial.  Subject to any challenges under Section 6, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

14.7 <u>No Limitation on Legal Representation</u>. Nothing in this Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Material, provided however that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Order.

14.8 <u>Violations</u>. If any Party violates the limitations on the use of Protected Material as described above, the Party violating this Order shall be subject to sanctions, or any other remedies as appropriate, as ordered by the Court. In the event motion practice is required to enforce the terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

14.9 <u>Agreement Upon Execution</u>. Each of the Parties agrees to be bound by the terms of this Protective Order as of the date counsel for such party executes this Protective Order, even if

ME1 49664824v.1

prior to entry of this Order by the Court.

14.10 <u>Data Security</u>. Any person in possession of Protected Material will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of Protected Material.  The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to Protected Material solely to personnel and purposes authorized by this Order.  As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of Protected Material, and take reasonable measures to password protect and encrypt Protected Material, except that such encryption or password protection is not required for electronic files that are to be filed electronically with the Court pursuant to the provisions of Paragraph 14.5. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of Protected Material.

If Protected Material is to be used during a deposition, the Designating Party shall be permitted to specify the technology to be used to conduct the deposition with respect to that Protected Material (e.g., for audio/video-conferencing and exhibits).

14.11 <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose another Party's Protected Material pursuant to this Order shall promptly notify that Party of the motion so that the {arty may have an opportunity to appear and be heard on whether that information should be disclosed.

15.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, correspondence with the Producing Party, and their attorney work product which refers or is related to any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information for archival purposes only. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

16. INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order. After final disposition of this litigation, the provisions of this Order shall continue to be binding except with respect to that Disclosure or Discovery Material that

32

becomes a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision of this Order following final disposition of this litigation. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.

PURSUANT TO THE COURT'S ORDER, D.I. 41, IT IS SO STIPULATED[11], THROUGH COUNSEL OF RECORD.

Dated: September 9, 2024

MCCARTER & ENGLISH, LLP

/s/ Alexandra M. Joyce
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Maliheh Zare (#7133)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com
mzare@mccarter.com

*Attorneys for Plaintiff Multifold
International Incorporated Pte. Ltd.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Brian P. Egan
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant
Google LLC*

---

[11] Defendants stipulate to the entry of this Protective Order, over Defendants' objections, in light of the Court's Oral Order regarding the Parties' Discovery Dispute. D.I. 41.

RICHARDS, LAYTON & FINGER, PA

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant*
*Motorola Mobility LLC*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: __September 16, 2024__    _____
The Honorable Jennifer L. Hall
United States District Judge

34

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Delaware on _____ [date] in the case of _____ [case caption]. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]

Signature: _____
                          [signature]

EXHIBIT 8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

PROXENSE, LLC,

        Plaintiff,

    v.

GOOGLE LLC,

        Defendant.

Civil Action No. 6:23-cv-320

JURY TRIAL REQUESTED

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Proxense, LLC and Defendant Google LLC, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced

documents) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL." For natively produced Protected Material, the word "CONFIDENTIAL" shall be placed in the filename of each such natively produced document.

2.      Any document produced before issuance of this Order, including pursuant to the Court's Order Governing Proceedings - Patent Case, with the designation "Confidential" shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.      With respect to documents, information, or material designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c)

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE," individually and collectively.

pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

    4.    A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

    5.    "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 17 herein:

    (a)    outside counsel of record in this Action[2] for the Parties;

    (b)    employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

    (c)    up to one in-house counsel for each Party who is a member in good standing of at

---

[2] This "Action" means Case No. 6:23-cv-320.

3

least one state bar and has responsibility for making decisions dealing directly with the litigation of this Action;

(d)     up to two (2) officer level designated employees of each of the Parties who either have responsibility for making decisions dealing directly with the litigation in this Action or who are assisting outside counsel in preparation for proceedings in this Action. Before access is given, the designated employee shall complete the Undertaking attached as Appendix A hereto, which must be served upon the producing Party with a general description of the designated employee's role in this Action at least seven (7) days before access to the Protected Material is to be given to that designated employee. The producing Party shall have that seven day period to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the designated employee. The Parties agree to promptly confer and use good faith to resolve any such objection; the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e)     outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or of an affiliate of a Party hereto for purposes other than this Action[4]; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, at least seven (7) days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer

---

[3] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her areas of expertise or to whom s/he has provided professional services, including in connection with a litigation, at any time during the preceding five years; (iii) (by name and number of the case, filing date, and location of court) any litigation in connection with which the s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

[4] For avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party on another litigation would not be precluded under this section.

and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order[5];

(f)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, mock jurors,[6] and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)    the Court and its personnel.

6.    A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.    Documents, information, or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, and the knowledge of the existence of such Protected Material (i) shall be used only for prosecuting, defending, or attempting to settle this Action, (ii) shall not be used for any business purpose, in connection with any other legal or administrative proceeding, including but not limited to any proceeding at the U.S. Patent and Trademark Office (or any similar agency of a foreign government), or directly or indirectly for any other purpose whatsoever and (iii) shall not be disclosed to any person who is

---

[5] A party who has not previously objected to disclosure of Protected Material to an expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an expert at a later time with respect to Protected Material that is produced after the time for objecting to such expert has expired or if new information about that expert is disclosed or discovered.

[6] Before mock jurors are given access to DESIGNATED MATERIALS, each mock juror must complete the Undertaking attached as Appendix A hereto.

not entitled to receive such Protected Material as herein provided. All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material, and any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes or substantially relates to computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "CONFIDENTIAL - SOURCE CODE."

9.     For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–c) and (e–g); provided, however, that access by in-house counsel of a party pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10.     For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals

listed in paragraphs 5(a–b) and (e–g); provided, however, the designating Party shall accommodate

reasonable requests to provide summary information to a party's employees who have been

designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on

behalf of the client and reasonably require access to such information.

11.     For Protected Material designated CONFIDENTIAL - SOURCE CODE, the

following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be a thin client, utilize a remote desktop, be linked to any network, including a local area network ("LAN"), an intranet or the Internet.  The stand-alone computer(s) may be connected to a printer. The stand-alone computer(s) may only be located within the continental United States at the offices of the producing Party's outside counsel or its vendors. The designating party will accommodate reasonable requests to provide the stand-alone computer within 50 miles of a receiving Party's requested location.  The stand-alone computer(s) shall have disk encryption and be password protected.  Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the stand-alone computer(s) must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer(s).  The producing Party may periodically "check in" on the activities of the receiving Party's representatives during any stand-alone computer review and may visually monitor the activities of the receiving Party's representatives from outside the room in which the stand-alone computer(s) is located, but only to ensure that no unauthorized electronic records of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way. The producing Party may not record (visually, audibly or by other means) the activities of the receiving Party's representatives.

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or

7

defense of this Action.

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

(d)     The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above.

(e)     Access to Source Code Material shall be limited to outside counsel and up to four (4) outside consultants or experts[7] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(d) above.  A receiving Party may include excerpts of Source Code Material in an exhibit to a pleading or expert report (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

(f)     To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as CONFIDENTIAL – SOURCE CODE.

(g)     Except as set forth in this paragraph, no electronic copies or images of Source Code Material shall be made without prior written consent of the producing Party. The receiving Party may create an electronic copy or image of limited excerpts of Source Code Material only to the extent necessary to create Source Code Exhibits or any drafts of these documents[8].  The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used.  Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The receiving Party may create an electronic image of a selected portion of the Source Code  Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.      The

---

[7] For the purposes of this paragraph, an outside consultant or expert does not include the outside consultant's or expert's direct reports and other support personnel.

[8] Drafts shall only include those excerpts the Receiving Party reasonably believes will be included in the final version.

communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "CONFIDENTIAL – SOURCE CODE." If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders.

(h)     Subject to the above three paragraphs, no person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "CONFIDENTIAL - SOURCE CODE" material, except that the Receiving Party may request paper copies ("Source Code Printouts") of limited portions of the Source Code Material, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. In no event may the Receiving Party print more than 25 consecutive pages, or an aggregate total of more than 500 pages, of source code during the duration of the case without prior written approval by the producing Party. To the extent the Receiving Party believes it is necessary to exceed either the consecutive pages or aggregate total pages limits, the Parties agree to promptly confer and use good faith to resolve the issue. In the event those meet and confer efforts are unsuccessful, the Receiving Party may seek relief from the Court pursuant to the dispute resolution procedure framework laid out in Paragraph 21. The receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (a) in the first instance. Within 5 business days or such additional time as necessary due to volume requested, the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "CONFIDENTIAL – SOURCE CODE" unless objected to as discussed below. At the inspecting Party's request, up to two additional sets (or subsets) of printed source code may be requested and provided by the producing Party in a timely fashion. Even if within the limits described, the producing Party may challenge the amount of source code requested in hard copy form or whether the source code requested in hard copy form is reasonably necessary to any case preparation activity pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 21 whereby the producing Party is the "requesting Party" and the receiving Party is the "designating Party" for purposes of dispute resolution. Contested Source Code Printouts do not need to be produced to the receiving Party until the matter is resolved by the Court.

(i)     If the receiving Party's outside counsel, consultants, or experts obtain Source Code Printouts, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s);

and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts to a Court proceeding or deposition, provided that the printouts or photocopies are kept in a secure manner that ensures access is limited to the persons authorized under this Order.

(j)    A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(e) above to another person authorized under paragraph 11(e) above on paper via hand carry. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically as is reasonably necessary for filing any Source Code Material with the Court or serving such Source Code Material on another Party.

(k)    The receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes other than the names and locations of code elements such as filenames, values (e.g. variables), and class and function definitions. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. No notes shall be made or stored on the inspection computer, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the producing Party, without reviewing the substance of the notes, upon discovery. Notwithstanding the foregoing, any such notes shall be stamped and treated as "CONFIDENTIAL - SOURCE CODE." The log of such notes need not be produced to any other party absent Court Order (e.g. potentially in connection with a Protective Order violation motion).

(l)    A list of names of persons who will review Source Code Material on the stand-alone computer(s) will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection. Prior to the first inspection of any Source Code Material on the stand-alone computer(s), the receiving Party shall provide five (5) business days' notice to schedule the initial inspection with the producing Party. The receiving Party shall provide three (3) business days' notice in advance of scheduling any additional inspections. Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection. The producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart;

(m)    The receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a producing Party) that are delivered by the receiving Party to any person and a log of any electronic images of Source Code Material. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the producing Party,

the receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving Party and/or person that receives a copy of any portion of the source code; and

(n)     All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed or returned to the producing Party at the final termination of the litigation either by final judgment or voluntary dismissal or if it becomes clear that the specific Printouts will not be used in the litigation in any way going forward. Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

12.     Absent written consent from the designating Party, any person associated or affiliated with a Party and permitted to receive the other Party's Protected Material that is designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, and/or CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, said Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to (a) federated identity, multi-factor authentication, and mobile payment systems, (b) any products, services, or systems accused of infringement in this Action, or (c) the patents asserted in this Action and any patent or application claiming priority to or otherwise related to the patents asserted in this Action (collectively the "Field of Invention") during the pendency of this Action and for three years after its conclusion, including any appeals. For purposes of this paragraph, "prosecution" includes any activity related to (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination and reissue applications or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the

scope of patent claims.[9]  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the Field of Invention.

13.    Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Protected Material shall comply with all applicable export control statutes and regulations.  See, e.g., 15 CFR 734.  No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)).  Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Material, exclusive of material designated CONFIDENTIAL - SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

---

[9] Prosecution includes, for example, original prosecution, reissue, inter partes review, post grant review, covered business method review and reexamination proceedings.

14.     Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  Pursuant to Federal Rule of Evidence 502(d) and (e), if documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any disclosure of communications, information, or documents covered by the attorney-client privilege or work product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work product protection over disclosed communications, information, and documents. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Any Party that produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by notifying the recipient(s) and providing a privilege log for the produced documents, information, or other material.  The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be

13

destroyed and certified as such to the producing Party. Producing Party shall then add those documents to its privilege log, which may be subject to the same challenges as would any other entry on a privilege log.

15.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities. If a Receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly (within 72 hours) provide written notice to Designating Party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

16.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) court reporters and videographers; (v) the Court; or (vi) other persons entitled

14

hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.[10] Parties shall give the other Parties reasonable notice (a minimum of two business days) if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals are present at those proceedings. Subject to any challenge to a particular designation under paragraph 21, the Parties will not oppose any reasonable request by the designating Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

17. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY.

18. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be

---

[10] In the event a non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed Undertaking attached as Appendix A. In the event such attorney declines to sign the Undertaking prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court. At any point, a Party may seek to designate and protect previously produced Protected Material as Highly Sensitive Documents/Information (HSD/HSI). The Parties will follow any applicable court orders regarding the procedures for HSD/HSI.

19.     The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court. Notwithstanding the foregoing, a Party shall provide a minimum of two business days notice to the Producing Party in the event that a Party intends to use any Protected Information during trial. Subject to any challenges under Paragraph 21, the Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

20.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated

procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

22. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23. To the extent that discovery or testimony is taken of Third Parties, the Third Parties or any Party may designate as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL - SOURCE CODE" any documents, information, or other material, in whole or in part, produced or given by such Third Parties. The Third Parties and any Party shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

Where a Third Party designates any documents, information or other material as provided herein, experts previously disclosed and approved hereunder prior to said Third Party's production of any Protected Material need not be disclosed to said Third Party. Subsequently disclosed experts need not be disclosed to said Third Party before that Third Party's Protected Material may be disclosed thereto.

24.      If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or " CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected. If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of

seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

25.     Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

26.     The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28.     Production of DESIGNATED MATERIAL by any Party shall not be deemed a

publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

29.    Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

31.    Any person in possession of DESIGNATED MATERIAL will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of DESIGNATED MATERIAL.  The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to DESIGNATED MATERIAL solely to personnel and purposes authorized by this Order.  As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of DESIGNATED MATERIAL, and take reasonable measures to password protect and encrypt DESIGNATED MATERIAL. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of DESIGNATED MATERIAL.

32.    If information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – SOURCE CODE" is to be used during a deposition, the Designating Party shall be permitted to

specify the technology to be used to conduct the deposition (e.g., for audio/video-conferencing and exhibits).

33.     This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.


**IT IS SO ORDERED.**

Dated: February 19, 2024

                              Honorable Alan D Albright
                              United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

PROXENSE, LLC,

       Plaintiff,

    v.

GOOGLE LLC,

       Defendant.

Civil Action No. 6:23-cv-320-ADA

JURY TRIAL REQUESTED

## APPENDIX A
## UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1.    My address is _____.

       My current employer is _____.

       My current occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things

1

designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____